KILPATRICK-KOCH DRY GOODS CO. v. O. N. CALLENDER ET AL.

[FILED MAY 19, 1892.]

1. **Garnishment**: EXEMPTIONS. An action was brought by the K. Co. v. C. & C. to recover $3,820 and interest, and an attachment was duly issued and a garnishee served with notice, who appeared and answered, admitting an indebtedness. Afterwards judgment for the amount claimed was rendered and the garnishee ordered to pay the money into court to abide its further order. The money was thereupon paid into court, where the debtor claimed it as being exempt and the court awarded it to him. *Held*, Upon the evidence, to be erroneous.

2. ———: ———: AFFIDAVIT. A debtor who swears that he has neither lands, town lots, nor houses subject to exemption must negative the possession of any of these, and if he fails to do so the affidavit will be insufficient.

3. ———: ———: SUBSEQUENT TRANSFER. Where at the time an attachment is levied upon property it is not exempt, the debtor cannot by transferring his other property afterwards thereby render the property so levied upon exempt.

ERROR to the district court for Lincoln county. Tried below before CHURCH, J.

*Grimes & Wilcox*, for plaintiff in error, cited: *Rudolph v. McDonald*, 6 Neb., 165; *Hilton v. Ross*, 9 Id., 411; *Connelly v. Edgerton*, 22 Id., 89; Waples, At. & Gar., 167, 587; *Wright v. Smith*, 11 Neb., 343; *Hiatt v. Bullene*, 20 Kan., 557; *Andrew v. Alcorn*, 13 Id., 360; *Howe Mach.*

*Co. v. Miner,* 28 Id., 444; *Kelly v. Dill,* 23 Minn., 435; *Wildermuth v. Kolnig,* 41 O. St., 180; *Bowker v. Collins,* 4 Neb., 496; *Selden v. Lane,* 40 O. St., 345; Freeman, Ex., sec. 212a; *State v. Townsend,* 17 Neb., 530; *Axtell v. Warden,* 7 Id., 182; *State v. Krumpus,* 13 Id., 321.

*T. Fulton Gantt,* and *J. E. Morrison, contra,* cited: *State, ex rel. Stevens, v. Carson,* 27 Neb., 501; *U. P. R. Co. v. Smersh,* 22 Id., 755; *Mull v. Jones,* 33 Kan., 112.

MAXWELL, CH. J.

On the 15th of September, 1890, the plaintiff brought an action against the defendant in the district court of 'Lincoln county to recover the sum of $3,820 and interest on a· promissory note. On the next day proceedings for an attachment were duly instituted and an attachment issued, which was returned, that the officer had been unable "to come at the property of M. Callender and O. N. Callender, claimed to be in possession of J. C. Federhoof"; he served him with notice to appear and answer, etc. The garnishee appeared and answered, in substance, that he was in possession of $480, the property of the defendants. This notice was served on September 16, 1890. On the 16th day of November, 1890, judgment was rendered against the defendants and in favor of the plaintiffs for the sum of $3,904.60 and the garnishee ordered to pay the money held by him into court to abide its further order. On the next day O. N. Callender filed an inventory of his personal property, as follows:

"INVENTORY OF THE WHOLE OF THE PERSONAL PROPERTY OWNED BY O. N. CALLENDER, OF GANDY PRECINCT, LOGAN COUNTY, NEBRASKA.

"One cow; two tons of hay; one hog; three pigs, six weeks old; four beds and bedding; necessary household furniture, consisting of ten chairs, two stoves, two carpets, one table, dishes, two trunks, and bureau, one kitchen safe,

one lounge; and $450 cash, deposited with J. C. Federhoof, and now in the custody of this court, which amount, together with the aforementioned articles of personal property, I claim as my cash and absolute exemption.

"STATE OF NEBRASKA, }
  LINCOLN COUNTY.    } ss.

"I, O. N. Callender, do solemnly swear that I am a resident of Gandy, Logan county, state of Nebraska, and am the head of a family consisting of a wife and six children, and that I have neither lands, town lots, nor barns subject to exemption as a homestead, under the laws of this state, and that the above inventory contains a true and correct statement of the whole of the personal property owned by me.                              O. N. CALLENDER.

"Subscribed in my presence and sworn to before me this 20th day of November 1890.          JAMES M. RAY,
    "[SEAL.]                              Notary Public.
"Filed November 20, 1890.              W. C. ELDER."

The court below sustained the exemption, and permitted Callender to claim the money. It will be observed that the affiant does not swear that he possesses no houses. The use of the word "barns" probably was not an accident, but whether so or not, it is not sufficient. To this affidavit the plaintiff filed an answer as follows:

"ANSWER TO DEFENDANT O. N. CALLENDER'S INVENTORY AND AFFIDAVIT OF EXEMPTION FILED HEREIN.

"First—Comes now the plaintiff and for answer to defendant O N. Callender's inventory and affidavit filed herein, claiming the property attached in this cause, denies that the $480 mentioned in said affidavit and inventory is exempt from execution.

"Second—Plaintiff states that for a long time after the levy of attachment in this case, the defendant has possessed in fee-simple of five lots, in the town of Gandy, Logan county, Nebraska, and that upon said lots there was and still

is standing three good buildings, one being a hotel building of the value of not less than $1,500, another being a brick business building of the value of not less than $600, and that the last being a frame barn or livery stable of the value of not less than $400. Plaintiff furthermore says, that for a long time after the levy of the attachment defendant O. N. Callender was possessed in fee simple of other real estate in Logan county, state of Nebraska, consisting of town lots in the town of Gandy, in said county and state, the exact description of which plaintiff is unable to give; that said last mentioned real estate is of the reasonable value of $500.

"Third—That since the levy of said attachment said defendant O. N. Callender has been possessed of a large amount of personal property, consisting of horses, cattle, wagons, and harness, the exact number and description of which plaintiff is unable to give.

"Fourth—That all of said personal property was of the reasonable value of $300, and has all been sold by the said defendant O. N. Callender since the issuance and levy of the attachment herein and the proceeds thereof applied to his own use.

"Fifth—Plaintiff further says that since the issuance and levy of said attachment herein the defendant M. Callender, who is the wife of her co-defendant, O. N. Callender, has been possessed of a large amount of goods and chattels, consisting of such articles as are usually kept for sale in a country store, and that the value of said goods and chattels was not less than $600.

"Sixth—That all of said goods and chattels have been sold and converted into money by the defendants herein, and said money appropriated to their own use, since the issuance and levy of the attachment herein.

"Seventh—That the defendants, nor either of them, have applied the proceeds of any of said property so sold and disposed of to the payment of any part of their indebtedness to this plaintiff.

" Eighth—That all of said property was sold and disposed of by said defendants for the purpose of placing themselves in a position so they could file an affidavit of exemption herein and thereby avoid and defeat the application of the money attached herein toward the payment of their indebtedness to this plaintiff."

It is stated in the judgment that the court refused to permit the plaintiff to put in testimony controverting the affidavit.    This is clearly wrong and prejudicial to the plaintiff.    The affidavit, when in due form, makes a *prima facie* case, but is not conclusive.    In addition to this, the testimony clearly shows that the defendant O. N. Callender, at the time of the institution of the suit, was possessed of real estate—houses and lands—and that he conveyed the same while the action was pending, and having disposed of his property he came in and made the oath above set out. This he cannot do.    We do not understand that a party can dispose of his property after a suit has been brought against him and then claim that he possesses nothing but what is exempt.    The law requires good faith on the part of debtors as well as creditors.    The law is not intended as a device to shield dishonest debtors and enable them to hide their property either in the names of their wives or other persons, but is intended to protect those who are in fact impoverished and therefore need its protection.    From the answers of Mr. Callender it is evident that his principal object is to defeat the plaintiff's judgment, perhaps without many scruples as to the means.    We do not care to discuss the evidence at length.    It is evident that the money in question was not exempt and that the court erred in so holding.    The judgment of the district court is reversed, the attachment reinstated, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.