Phenix Insurance Company *v.* Fielder *et al.*

No. 16,008.

PHENIX INSURANCE COMPANY *v.* FIELDER ET AL.

133 557
136 611

133 557
148 438
152 138

133 557
154 169
154 171

EXEMPTION FROM EXECUTION.—*Sufficiency of Answer.*—*Necessary Allegations.*—*After Acquired Right of Exemption.*—*Can not Perpetuate Fraud.*—*Fraudulent Intent.*—*Effect on Right to Exemption.*—In an action to set aside a conveyance of land as fraudulent, and subject said land to the payment of a judgment, the defendant answered, in addition to the general denial, "that she was—on the date of the execution of said contract upon which judgment was taken, at the date of the conveyance in the plaintiff's complaint mentioned, and at the date of the rendition of the judgment—and now is, a resident householder of the State of Indiana; that she is the head of a family keeping house; that the defendant Hugh Fielder (the grantee and son of the grantor) is an infant about ten years old, and is supported by, and lives with, the defendant; that at the date of the conveyance in the plaintiff's complaint mentioned, to wit, on the 31st day of May, 1887, and on the date of the rendition of the judgment, and ever since the date aforesaid, the defendant was not the owner of property worth over six hundred dollars, including the property in the complaint mentioned;" that all of the real estate, personal property, goods, money, choses in action, etc., were worth less than $600; that she was, and now is, entitled to exempt said property from sale, and she prays that it may be exempted from sale to satisfy said judgment, and that plaintiff may not recover. To this answer a demurrer was addressed and overruled.

*Held,* that the answer does not disclose that she was a householder and entitled to exempt said property, at the time she conveyed it, and that she could not perpetuate fraud in a conveyance by asserting and receiving the benefits of an after acquired right of exemption.

*Held,* also, that the general allegation that one was at a stated time "a resident householder of the State of Indiana," is not equivalent to the essential allegation of facts constituting her right to such exemption at the time.

*Held,* also, that, if at the time of a conveyance, a grantor is entitled to exemption of such property, the creditor is in no better position by reason of the existence of a fraudulent intent, as such property is beyond the reach of creditors.

*Held,* also, that the demurrer addressed to said answer should have been sustained.

FRAUDULENT CONVEYANCE.—*When Grantor can not Deny Validity.*—*Setting Aside.*—*No Reversion to Grantor.*—A fraudulent grantor can not deny the

validity of his conveyance as between himself and his grantee, and, if as to others, such conveyance be set aside, no part of the property or its proceeds may return to the grantor.

SAME.—*Can not be Validated by After Acquired Right.—Exemption.—Debtor and Creditor.*—A conveyance which is fraudulent as to creditors can not afterwards be validated as to them by an after acquired right of exemption.

From the Tipton Circuit Court.

*W. R. Oglebay*, for appellant.

*J. A. Swoveland* and *J. F. Pyke*, for appellees.

HACKNEY, J.—In May and June, 1886, the appellee Martha Fielder contracted an indebtedness to the appellant, upon which, on the 9th day of February, 1888, the appellant recovered judgment. In 1887 said Martha owned two tracts of land, and conveyed one of them to her son Hugh A. Fielder, and the other to her daughter Rebecca May Brown.

This action was instituted by the appellant to set aside, as fraudulent, said two conveyances, and to subject said lands to the payment of said judgment. To the complaint the appellee Martha answered, in addition to the general denial, "That she was—on the date of the execution of said contract upon which judgment was taken, at the date of the conveyance in the plaintiff's complaint mentioned, and at the date of the rendition of the judgment—and now is, a resident householder of the State of Indiana; that she is the head of a family, keeping house; that the defendant Hugh Fielder, is an infant about ten years old, and is supported by, and lives with, the defendant; that at the date of the conveyance in the plaintiff's complaint mentioned, to wit, on the 31st day of May, 1887, and on the date of the rendition of the judgment, and ever since the dates aforesaid, the defendant was not the owner of property worth over six hundred dollars, including the property in the complaint mentioned;" that all of her real estate, personal property, goods, money,

choses in action, etc., etc., were worth less than six hundred dollars; that she was, and now is, entitled to exempt said property from sale, and she prays that it may be exempted from sale to satisfy said judgment, and that plaintiff may not recover.

A demurrer to this answer was overruled, with an exception, and upon reply in denial, the cause was tried, resulting in a finding and judgment for the defendants.

The appellant assigns error in overruling the demurrer to said affirmative answer, and in overruling a motion for a new trial.

In discussing the sufficiency of the answer, the appellant's learned counsel says:

"Appellant makes no question that appellee's answer showed by the facts alleged, that she was a householder at the time of filing the answer, but it wholly fails to state that at the date of the execution of the contract upon which judgment was taken, at the date of the conveyances in plaintiff's complaint mentioned and at the date of the rendition of the judgment, she was the head of a family keeping house."

The answer contains the general allegation that at the time of the conveyance she was "a resident householder of the State of Indiana." This conclusion will not be accepted as equivalent to an allegation of the facts constituting her right to an exemption at that time. See *Guerin* v. *Kraner*, 97 Ind. 533, and cases there cited.

It is alleged that at the time of the filing of the answer she was keeping house as the head of a family, her son Hugh living with her, and dependent upon her for support. These were facts necessary to give the right of exemption, but being applied to the time of the filing of the pleading, were they sufficient?

The theory upon which conveyances of property, subject to exemption, have been held not fraudulent, is that such property is not subject to execution, and is, there-

fore, beyond the reach of creditors. If effectually beyond their reach before the conveyance, whatever the purpose or motive of the debtor in conveying, the creditor is in no better position by reason of the existence of a fraudulent intent. *Taylor* v. *Duesterberg, Admr.*, 109 Ind. 165; *Faurote* v. *Carr*, 108 Ind. 123; *Burdge* v. *Bolin*, 106 Ind. 175; *Barnard* v. *Brown*, 112 Ind. 53; *Dumbould* v. *Rowley*, 113 Ind. 353.

In *Blair* v. *Smith*, 114 Ind. 114 (126), this rule is clearly stated as follows:

"Property exempt from execution is not subject to any claim of the creditor, but is absolutely free from all claims of creditors. No execution or other writ is a lien upon it. The creditor has no claim upon it in any form, and it is impossible to conceive any logical ground upon which property, not subject to the claims of creditors, can be held to have been fraudulently conveyed. * * * The whole doctrine of annulling fraudulent conveyances rests upon the ground that the creditor has a right to resort to the property, and where he has no such right it is impossible that a conveyance can be deemed fraudulent."

The conveyances by the appellee Martha are alleged to have been fraudulent, and to avoid this claim, she answers that she is now entitled to an exemption including said property. Her pleading does not disclose that she was a householder, and entitled to exempt this property at the time she conveyed it. We are, therefore, not permitted to say that it was then free from the claims of creditors; that it was subject to exemption in her behalf, and that it will be deemed to have been free from the claims of her creditors, by reason of such right of exemption. Authority has not been cited, and we have been unable to find a case in this State holding that if the right of exemption has arisen since the alleged fraudulent conveyance, such rights may be asserted as a defense against an action to set aside such conveyance. Our search has

disclosed a conflict of authority in other States upon the right to assert the exemption after the sale has been attacked as fraudulent, one theory being that if the sale be set aside the rights of the creditors are not enlarged, but remain to be enforced as if no such conveyance had been made, and then permitting the exemption ; another theory being that the creditor can not sell the debtor's title, and at the same time deny the debtor's right of exemption, on the ground that he had no title, while respectable authority holds that the debtor's fraud works a forfeiture of his right to an exemption, and that, having held out the property as that of another, he is estopped to claim afterwards that it is his own. Indeed, such a doctrine was asserted in an early case in this State. *Holman* v. *Martin,* 12 Ind. 553. We do not now decide that the exemption is not for the benefit of the rogue as well as for the just man. We only state the conflict.

In this State the policy of the rule has always been upheld that the fraudulent grantor could not deny the validity of his conveyance as between himself and his grantee. If, as to others, such conveyance be set aside, no part of the property, or its proceeds, may return to the grantor. Then, we conclude that if he may not do so directly, he should not do so indirectly by asserting and receiving the benefits of an after acquired right of exemption to perpetuate his fraud committed before he possessed the right of exemption. To hold that the right of exemption applies, in such a case, to the time when the conveyance is attacked, or is set aside, and not to the time when the conveyance was made, would open the way to results never contemplated by our Constitution and laws for the protection of the family of the unfortunate debtor against the claims of heartless creditors. If that were the rule, one possessing property, and not being a householder, could make a fraudulent sale of it, and subse-

quently, when the conveyance is questioned for its fraud against creditors, and when the debtor has become a householder, he can make valid that which was fraudulent, by asserting the claim to an exemption; or, if he has. since such sale acquired other property, he may stand upon the apparent validity of his conveyance and hide from his creditors his newly acquired property by claiming it as exempt. We are constrained to hold that the answer in this case is defective, and that the demurrer thereto should have been sustained. In this view of the question, it will be unnecessary to pass upon the assignment of error as to the motion for a new trial.

The cause is reversed, with instructions to the lower court to sustain the demurrer to the affirmative answer of the appellee Martha Fielder.

