## MATHESON v. F. W. JOHNSON CO. *et al.*

Under Comp. Laws, §§ 5002, 5125, providing that, if property attached be claimed by any person other than the defendant, the sheriff may summon a jury, and try the validity of such claim, and, if their verdict be in favor of the claimant, the sheriff may relinquish the levy, unless the attaching creditor gives him a sufficient indemnity, where property levied on was so claimed, and the attaching creditor voluntarily executed an undertaking of indemnity without a jury having been summoned, and the sheriff thereupon held the property, such undertaking was valid and enforceable.

(Opinion filed Dec. 31, 1902.)

Appeal from circuit court, Roberts county. Hon. A. W. CAMPBELL, Judge.

Action by Elizabeth Matheson against the F. W. Johnson Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The facts are stated in the opinion.

*F. W. Murphy* and *Howard Babcock*, for appellants.

*Batterton & Humphrey* and *R. G. Farrington*, for respondent.

FULLER, J. To indemnify the sheriff against the claim of respondent that she owned the property attached at the suit of appellants against her husband the undertaking made the basis of this action was executed, and the validity of such instrument is the controlling point presented by this appeal. The contention is that the undertaking is absolutely void, for

the reason that no jury was first summoned to determine the question of ownership. The statute provides that, "if any property so seized be claimed by or on behalf of any person other than such defendant, the sheriff may summon a jury and try the validity of such claim, * * * and if their verdict be in favor of the claimant, the sheriff may relinquish the levy unless the (attaching) creditor gives him a sufficient indemnity for proceeding thereon." Comp. Laws, §§ 5002. 5125. While such a verdict is not conclusive as to the rights of property, the statute was evidently designed to aid the sheriff in the determination of conflicting claims. Were we to assume that the foregoing statute is mandatory to the extent that a sheriff is never authorized to call for indemnity before the jury has passed upon the question of ownership, appellants, who voluntarily entered into the undertaking, and have received full consideration therefor, are in no position to complain. The instrument under consideration is strictly in compliance with statutory requirements relative to an authorized subject, and its execution was not in violation of any legislative enactment. That such undertakings, voluntarily executed, are always good as common law obligations, unless they contravene public policy or violate a statute, is a proposition that admits of no doubt. Smith v. Gale, 13 S. D. 162, 82 N. W. 385; Johnson v. Weatherwax, 9 Kan. 75; Smith v. Fargo, 57 Cal. 157; Barnes v. Webster, 16 Mo. 258, 57 Am. Dec. 232; Morse v. Hodsdon, 5 Mass. 313; Shepard v. Collins, 12 Iowa, 570; Drake, Attachm. p. 327. Under the general provisions of our statute concerning the subject of indemnity, and at common law, it is the undoubted right of an attaching officer, under circumstances like the present, to demand a bond of indemnity, although

there is no express statutory authority therefor.  Shriver v. Harbaugh, 37 Pa. 399; Waples, Attachm. 148.  In construing a statute which declares "that, if goods seized as the property of the debtor shall be claimed by another, the sheriff shall summon a jury, and, if they find for the claimant, shall forthwith restore the possession unless the creditor will indemnify him," the New York court of appeals say:  "To require such a bond is not a violation of the statute which provides that no sheriff 'shall take any bond, obligation or security by color of his office, in any other case or manner than such as are provided by law,' though the statute relating to attachments authorizes the sheriff to require indemnity only after a verdict of a sheriff's jury in favor of the person claiming the property."  Chamberlain v. Beller, 18 N. Y. 118.  While the interlocutory procedure provided by the statute, where attached property is claimed by a third person, doubtless furnishes the best protection to both the sheriff and creditor, we are of the opinion that the right to call a sheriff's jury may be waived, and an undertaking executed that is enforceable under the statute.

The cause of action alleged in the complaint is abundantly established by undisputed testimony, to the introduction of which no valid objection was interposed, and the judgment appealed from is affirmed.