(114 N. W. 1091.)

---

JOHN MAHON AND J. B. ROBINSON, CO-PARTNERS AS MAHON & ROBINSON v. J. PRESTON FANSETT, AND GREAT WESTERN BANK OF OSNABROCK, NORTH DAKOTA, GARNISHEE.

Opinion filed Nov. 8, 1907. Rehearing denied Feb. 21, 1908.

**Garnishment — Answer of Garnishee.**

1. It is not incumbent on a plaintiff in a garnishee action to take issue upon the garnishee's answer, where it admits that the garnishee has money or property in his hands sufficient to satisfy the plaintiff's claim.

**Appeal — Waiver of Objections.**

2. The defendant, in a garnishee action, by not raising the objection before the trial court that judgment has not been entered in the principal action, waives the objection, and cannot raise it for the first time in the Supreme Court.

**Same.**

3. Objections to the sufficiency of plaintiff's affidavit in a garnishee action cannot be raised in the Supreme Court for the first time.

**Garnishment — Exemptions — Determination of Claim.**

4. Whether property in the hands of a garnishee is exempt or not is to be determined as of the day of the service of the garnishee summons.

**Same.**

5. An answer by the defendant in a garnishee action alleging that the property in the garnishee's hands is exempt (referring to the time of making the answer) does not state a defense, and evidence that such property is exempt at that time is not admissible under such answer.

**Same — Transfer of Property.**

6 A defendant in a garnishee action is not permitted to dispose of his property between the time of the service of the summons and the service of the answer, and thereby defeat a creditor's garnishment action, on the ground that the property in the hands of the garnishee is actually exempt when the answer is served.

Appeal from District Court, Cavalier county; *W. J. Kneeshaw, Judge.*

Action by John Mahon and J. S. Robinson against J. Preston Fansett and the Great Western Bank of Osnabrock, garnishee. Judgment for plaintiff, and defendants appeal.

Affirmed.

*E. R. Sinkler,* for appellants.

Defendant may plead exemptions in garnishment. Defendant may plead that property held by garnishee is exempt. Rev. Codes 1905, section 6981; 12 Enc. of Law, 185; chapter 41, Civil Code 1905; article 2, chapter 12, Code Civil Pro. 1905.

Admission of "due and personal service," waives any advantage available before such admission. 19 Enc. Pl. & Pr. 703. Exemptions are not waived by fraudulent conduct unless so provided by statute. 12 Enc. of Law (2d Ed.) 202; Malter v. Henkel, 2 Sawy. 305; Sannoner v. King, 49 Ark. 299; Over v. Shannon, 91 Ind. 99; Duvall v. Rollins, 71 N. Car. 218; Wilcox v. Hawley, 31 N. Y. 648; Boesker v. Pickett, 81 Ind. 554; Mooseley v. Anderson,

40 Miss. 49; Comstock v. Bechtel, 24 N. W. 465; Elder v. Williams, 16 Nev. 416; Constitution State of North Dakota, section 208.

Debtor cannot be compelled to select exempt property from that mortgaged. Baldwin v. Talbot, 4 N. W. 547; Bayne v. Patterson, 40 Mich. 658.

Exemption can be claimed as of the time of answer. Watson v. Simpson, 5 Ala. 233; Robinson v. Hughes, 10 Am. St. Rep. 45.

When no issue is taken on garnishee's answer it is deemed conclusive. Rev. Codes 1905, section 6979; Brake v. Mnfg. Co. 14 So. 773; Cross v. Spillman, 9 So. 362; Case v. Noyes, 21 Pac. 46.

Judgment in main action is prerequisite to trial of issue in garnishment. Rev. Codes 1905, section 6982; Rood on Garnishment, section 364; Streisguth v. Reigelman, 43 N. W. 1116; Moore v. Wayne Judge, 20 N. W. 801; Conway v. Judge of Ionia, 8 N. W. 588.

*Gordon* & *McIntyre,* for respondents.

Where plaintiff takes issue with garnishee's answer, he waives irregularities therein. 20 Cyc. 1096; Rock v. Collins, 75 N. W. 426; Aultman, Miller & Co. v. Markley, 63 N. W. 1078.

One seeking exemptions must show strict compliance with law. Fletcher v. Staples, 64 N. W. 1150; Murphy v. Harris, 19 Pac. 377; Joyce v. Miller, 13 N. W. 664.

Failure to assert exemptions required by law waives them. 12 Am. & Eng. Enc. Law (2d Ed.) 198; 18 Cyc. 1453; Strouse v. Becker, 80 Am. Dec. 474; Zulke v. Morgan, 7 N. W. 651; Thompson on Homesteads and Exemptions, section 821; 12 Am. & Eng. Enc. Law, 226; Furrows v. Zollars, 67 N. W. 612; Freeman on Exemptions, 214.

Lien of garnishment accrues at time of service of notice. 20 Cyc. 1059.

When lien is fixed by notice, no subsequent act between garnishee and defendant can destroy it. 20 Cyc. 1058; North Star Boot & Shoe Co. v. Ladd, 20 N. W. 334.

When debtor has aliened all his property except such as he desires to select as exempt, the latter can be retained. Cook v. Scott, 6 Ill. 333; Barton v. Brown, 8 Pac. 517; Wagner v. Barden, 41 N. E. 1067; Moffitt v. Adams, 14 N. W. 88; Kilpatrick-Koch Dry Goods Co. v. Callendar, 52 N. W. 403.

Garnishee must answer as required by statute, or be deemed in default.  20 Cyc. 1091; Peterson v. Lake Tetonka Park Co., 75 N. W. 375; Richardson v. White, 19 Ark. 241; Freeman v. Miller, 51 Texas, 443; Wyman v. Stewart, 42 Ala. 163; Brennan v. McInnis, 53 N. E. 896.

MORGAN, C. J.  This is a garnishee action against the bank, based upon an action against the defendant Fansett upon an indebtedness due from him to the plaintiffs.  The garnishee summons was served upon the bank and upon the defendant and both have appeared. The garnishee served its affidavit admitting that it held in its possession the sum of $765.81 belonging to the defendant.  The defendant answered nealy 60 days after the service of the garnishee summons, and alleged that the money held by the garnishee was exempt at the time of the making of the answer, but it contained no allegation that such money was exempt when the garnishee summons was served.  The trial court found in favor of the plaintiffs, and ordered judgment in their favor against the bank for the full amount of the judgment against the defendant in the principal action.  The bank appeals, and asks for a review of the entire case under section 5630, Rev. Codes 1899, under which the case was tried.

The appellant contends that the judgment must be reversed for the reason that the plaintiffs did not take issue upon the affidavit of the garnishee, which admitted that it had in its hands certain money belonging to the defendant.  This contention is based upon section 6979, Rev. Codes 1905.  We do not think that said section is subject to that construction.  In case a full disclosure is made by the garnishee to the effect that it has property in its hands, describing it, there is no necessity for taking issue on that allegation. Thereafter that property must remain in the garnishee's hands subject to the order of the court or the dismissal of the garnishee action.  Section 6979 provides: "The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within thirty days serve upon the garnishee a notice in writing that he elects to take issue on his answer," etc.  The affidavit served on plaintiff by the garnishee, which is deemed an answer under the statute, admitted that it held $765.81 of the defendant's funds, and that fact became conclusive on all parties during the litigation.  When the garnishee

serves an affidavit that he has no property in his hands belonging to the defendant, as he may do under section 6975, Rev. Codes 1905, that fact also becomes conclusive unless issue is joined thereon by the plaintiff as provided for in said section 6979. It is only necessary for the plaintiff to elect to take issue on the garnishee's disclosure when the facts therein set forth are those permitted to be set forth under said section 6975. It is also contended that the judgment should be reversed for the reason that no judgment had been entered against the defendant in the principal action. This question is raised for the first time on appeal. The attention of the trial court should have been called to that fact, if true, by some objection, and that court given an opportunity to rule thereon. It is too late to present the question now for the first time. Technical objections are also raised for the first time on this appeal to certain allegations of the plaintiff's affidavit for garnishment, and the claim made that the affidavit is not in compliance with the statute because it contains no direct allegation that the plaintiffs are partners and other similar objections. By not challenging the insufficiency of the affidavit before the trial court, any objection thereto must be deemed waived, and it cannot now be raised for the first time.

It is claimed that the money held by the bank was exempt property, and not subject to process on behalf of any creditor. There is no allegation in the answer that such money was exempt property at the time that the garnishment action was commenced. The answer was served about 60 days after the summons was served. The allegation of the answer is that the property levied on "is exempt" from levy or sale. There is no allegation that it was exempt when the summons was served. The evidence shows that defendant disposed of some of his property after the summons was served and before the answer was served. This raises the question whether the defendant could, by selling his property during the time in which he was allowed to answer, defeat and render valueless the plaintiff's garnishment proceedings. So far as the defendant's right to claim his exemptions, he was as entitled to claim them when the action was commenced as he was when he answered and claimed them. The question is whether the fact that certain property is exempt is to be determined from what property the debtor has when the claim of exemption is made, or at the time when the summons is served in the garnishee action. The com-

mencement of the action determines the status of the debtor's property as to exemptions. If it was exempt when the summons was served, it does not cease to be exempt by the debtor's act in thereafter selling it. A lien is created on the debtor's property in the hands of the garnishee when the summons is served upon the garnishee, upon all property in the garnishee's hands at that time, providing it is subject to such lien at all. 20 Cyc. 1058. If that lien can be divested by sale of other property thereafter, and the debtor's property thereby reduced in value within the exempted amount, the object of the law could in all cases be defeated. The garnishment statute is express that the liability of the garnishee attaches from the time of the service of the summons on him. This is generally the rule in all matters pertaining to civil actions; that is, the issues are made and determined as of the date of the commencement of the action, and not as of the date of the answer. To dispose of his property not in the hands of the garnishee when the summons is served, and thereafter claiming the remaining property as exempt, amounts to a fraud upon the plaintiff's rights, and the trial court found that the sale in this case was actually fraudulent. We need not consider whether it was actually fraudulent or not, as it is sufficient to say that the answer must allege that the property was exempt when the garnishment summons was served. Smith v. Spafford (N. D.) 112 N. W. 965; Kilpatrick-Koch Dry Goods Co. v. Callendar, 34 Neb. 727, 52 N. W. 403; Kingen v. Stroh, 137 Ind. 610, 36 N. E. 519; Phenix Ins. Co. v. Fielder, 133 Ind. 557, 33 N. E. 270; North Star B. & S. Co. v. Ladd, 32 Minn. 381, 20 N. W. 334; Wagner v. Barden, 13 Ind. App. 571, 41 N. E. 1067. The answer did not, therefore, properly allege that the money was exempt. The plaintiff objected to all evidence that the property was exempt, and the objection was well founded, as the true issue was whether the money was exempt when the summons was served. The exemption law is not intended to defeat vested rights or rights acquired under liens which accrued while the property was not exempt. The debtor cannot, by his own act relating to his property, make it exempt by sale or mortgage after a lien has been acquired thereon by a creditor. It is true that the constitution and statute give an exemption from sale, but the reasonable construction of these provisions is that rights under a sale are to be determined as of the date of the liens under which the sale is made so far as the exemption of the property is concerned.

If a lien is secured on property of a debtor prior to judgment or sale, all rights at the sale as to such property relate back to the time of the creation of the lien, and, if the property was not exempt when the lien was acquired, no changes by sale thereafter can inure to the benefit of the debtor. Although exemption privileges are to be liberally construed in favor of the debtor, the principle should not be extended to divest acquired liens nor so as to encourage fraudulent practices. The following cases sustain this principle: Bank v. Vest, 187 Ill. 389, 58 N. E. 229; Baird v. Trice, 51 Texas 555; Bullene v. Hiatt, 12 Kan. 98; Upham v. Bank, 15 Wis. 450; Kelly v. Dill, 23 Minn. 435; Reynolds v. Tenant, 51 Ark. 84, 9 S. W. 857; Avery v. Stephens, 48 Mich. 247, 12 N. W. 211; Hines v. Duncan, 79 Ala. 112, 58 Am. Rep. 596; Watkins v. Overby, 83 N. C. 165. The fact that the property was exempt when the answer was served did not inure to the defendant's benefit.

Under the allegations of the answer, evidence that the money was exempt when it was served was not admissable, and the same will not be considered in this court.

The judgment is affirmed. All concur.