(115 N. W. 192.)

FRANK J. PFEIFER v. T. T. HATTON.

Opinion filed Feb. 14, 1908.

**Claim and Delivery — Execution — Effect of Verdict of Sheriff's Jury.**

1. In an action of claim and delivery brought by a third person as claimant to the property against an officer who levied upon and took into his possession personal property under an execution as the property of the defendant in the execution, is no defense that a sheriff's jury prior to the commencement of such action found that the title to such property was in the defendant in such execution.

**Same — Sheriff's Jury — Indemnity.**

2. The sole function of the summary proceeding of a sheriff's jury is to justify the officer in delivering the property to the claimant in the event the jury find in his favor, unless the plaintiff in the execution furnishes indemnity to the officer against the claims of such third person.

**Same — Answer.**

3. Defendant's answer contained a paragraph alleging the empaneling of such sheriff's jury, and the fact that the jury found against the contention of the claimant. On motion of plaintiff's attorneys such paragraph was stricken from the answer. *Held* not error.

Appeal from District Court, Sargent County; *Allen,* J.

Action by Frank J. Pfeifer against T. T. Hatton. Judgment for plaintiff, and defendant appeals.

· Affirmed.

*O. S. Sem,* for appellant.

A pleading will not be stricken out as frivolous, if its character is doubtful. Catholicon Hot Springs v. Ferguson, 67 N. W. 615; Stebbins v. Lardner, 48 N. W. 847; Sigmund v. Bank of Minot, 4 N. D. 164, 59 N. W. 966; Bank of Commerce v. Humphrey, 61 N. W. 444; Sifton v. Sifton, 65 N. W. 67; Northwestern Cordage Co. v. Galbraith, 70 N. W. 1048; Minn. Thresher Mfg. Co. v. Schaack, 74 N. W. 445.

Defense of mitigation of damages must be specifically pleaded. McKyring v. Bull, 16 N. Y. 304; Gjerstadengen v. Hartzell, 79 N. W. 872; Kidder County v. Foye, 10 N. D. 424, 87 N. W. 984; Bohn Mfg. Co. v. Keenan, 89 N. W. 1009. .

*Rourke, Kvello & Adams,* for respondent. '

Pleas for mitigation are only pertinent to exemplary damages, or to disprove damages. Wandell v. Edwards, 25 Hun. 498; Gorton v. Keeler, 51 Barb. 475.

Verdict of sheriff's jury is no bar to a suit against the officer. Townsend v. Phillips, 10 Johns 96; Phillips v. Harris, 19 A. D. 166; Matheson v. Johnson, 92 N. W. 1083.

FISK, J. But one question is presented on this appeal, which is the correctness of an order made by the trial court striking out on motion a portion of the answer.

The action is in claim and delivery; the complaint being in the usual form. The defendant, who is a constable, seeks to justify his taking and detention of the property under an execution issued to him upon a judgment rendered in an action wherein one Tisdel was plaintiff and one Ben Pfeifer was defendant. The portion of the answer which was ordered stricken out, and the striking out of which constitutes the only basis for appellant's assignments of error, is as follows: "The defendant further alleges that after the said levy and prior to the 9th day of April, 1906, the plaintiff demanded of the defendant that a constable's jury be called and impaneled to try the right of property in the property described in the complaint, and that the defendant immediately complied with said demand, and that, upon previous notice to plaintiff and the said Lewis Tisdel, he convened such jury before him at his office in De Lamere, in said

county, on the 2d day of April, 1906, and then and there a trial was had before such jury duly impaneled and sworn; the plaintiff being present and represented by counsel, and the said Lewis Tisdel being present and represented by counsel, and evidence being adduced by both parties and the questions of right of property and possession thereof duly submitted to such jury for adjudication, and that after trial had, and after submitting same to the jury, said jury returned into court with verdict that at the time of the said levy said property was the property of Ben Pfeifer, and not the property of plaintiff, and that, upon such adjudication and verdict, the defendant retained the property until it was taken from him by the sheriff of Sargent county as aforesaid under the demand of plaintiff for a jury as aforesaid." We have duly considered appellant's argument in support of his contention that such ruling was error, and we are entirely clear that there is not merit in such contention. The facts alleged in said paragraph were wholly irrelevant to the issue involved, which was the right to the possession of the personal property at the time of the commencement of the action. Upon no theory can this paragraph be held pertinent or relevant to such issue. The facts therein alleged furnish no justification for the defendant's conduct in taking or detaining the property, nor can they be considered in mitigation of such acts in view of the fact that punitive damages are not claimed in the complaint. Citation of authorities is unnecessary upon propositions so elementary.

The matters embraced in said paragraph cannot be considered a defense in bar of the action, as it is well settled that the verdict of a sheriff's jury is not a bar. Such a verdict is entitled to no weight as an adjudication. It is not a judgment, nor has it any force or effect as such. Townsend v. Phillips, 10 Johns. (N. Y.) 98; Philips v. Harriss, 3 J. J. Marsh. (Ky.) 122, 19 Am. Dec. 166; Matheson v. Johnson, 16 S. D. 347, 92 N. W. 1083. See, also, 2 Freeman on Ex. (3d Ed.) sec. 277, and numerous cases cited. Under the provisions of our code (Rev. Codes 1905, sec 7114), relating to the calling of a sheriff's jury, as well as under the statutes of Nebraska, New York, New Jersey and Ohio, as stated by Mr. Freeman, "the importance of the proceeding is that it justifies the officer in delivering possession to the claimant, if the verdict or judgment is in his favor, and no bond of indemnity is tendered to the officer." It is a mere summary proceeding, and under our Code its only function, as stated by Mr. Freeman, is to justify the officer in delivering the

property to the claimant in the event the verdict of such jury is in his favor, unless he receives indemnity from the person in whose favor the execution is issued.

It follows that the order appealed from was correct, and is accordingly affirmed, with costs to respondent. All concur.