# FIRST NATIONAL BANK OF McCLUSKY, NORTH DAKOTA, a Corporation, Respondents, v. R. C. OLIVER and Pearl Oliver, Appellants, and THE McCLUSKY FARMERS ELEVATOR COMPANY, a Corporation, Elof Anderson, Hubert Oliver, and Peter Hoffman, Garnishees.

(214 N. W. 911.)

**Garnishment — when and how exemptions may be claimed.**

1. Under § 7580, Comp. Laws 1913, "the defendant in a garnishment action may at any time within thirty days after the service of the garnishee summons, by duly verified answer claim the property garnished was exempt from execution at the time of the service of the garnishee summons."

**Preferred creditors — preference by debtor.**

2. Under § 7218, Comp. Laws 1913, "a debtor may pay one creditor in preference to another, or may give to one creditor security for the payment for his demand in preference to another."

Opinion filed July 9, 1927. Rehearing denied August 23, 1927.

Exemptions, 25 C. J. § 202 p. 116 n. 44 New; § 304 p. 158 n. 80. Fraudulent Conveyances, 27 C. J. § 365 p. 617 n. 8; § 384 p. 626 n. 9. Garnishment, 28 C. J. § 414 p. 285 n. 43; § 416, p. 286 n. 65.

Appeal from the District Court of Sheridan County, *Jansonius,* J. Reversed.

*Peter A. Winter,* for appellant.

It has repeatedly been held that in case the property did not amount to $1,000 he could transfer and dispose of his property and the plaintiff could not complain as he could claim it as exempt. 26 C. J. 124, § 215; Noyes v. Belding, 59 N. W. 1069; 27 N. E. 879; 195 Fed. 857.

*Harry E. Dickinson,* for respondent.

The right to exemptions is purely a statutory right and while favorably considered by the courts in order that one may come within the protection of the statutes, the statutes must be obeyed. Burchil v. Goldstein, 23 N. D. 257.

The right to exemptions is to be determined as of the day of service of the garnishee summons. Mahon v. Fanset, 17 N. D. 104; Smith v. Spafford, 112 N. W. 965.

And if after a levy he disposes of other property than that levied upon or places it out of the reach of process, that may be considered as an election to claim his exemption in such property.  25 C. J. ¶ 216.

A judgment debtor who disposes of his personal property not covered by garnishment and thereafter seeks to claim as exempt property levied upon by garnishment, is guilty of a fraud which renders the claim of exemptions ineffectual.  Drake Marble & Tile Co. v. Bjoraas, 160 N. W. 725.

BURKE, J.  The garnishment proceedings in this action were issued on the 31st day of August, 1925.  The garnishee disclosed property belonging to the defendant of the value of $797.95.  On September 25, 1925, thereafter, the defendant answered, claiming that the property garnished in said action was exempt.  The answer, however, did not clearly allege that the property was exempt on the said 31st day of August, the date of the service of the garnishee summons, and also the date of the service of the summons in the main action.  On objection to the introduction of the defendant's testimony on the ground that the answer failed to state facts sufficient to constitute a claim for exemption, the defendant asked leave to amend his answer so as to include the allegation that the property was exempt to the defendant on the 31st day of August, 1925, and that he be permitted to prove that it was exempt to the defendant on that date.  The application to amend was granted without objection, the answer was so amended, and the case was tried on the amended answer.

There is no conflict in the testimony, and it appears therefrom, that on the 4th day of September, 1925, and after the service of the garnishee summons, the defendant disposed of, by mortgage, sale, or assignment, all of his property, except the property covered and held in the garnishment proceedings.  It is undisputed that the parties to whom the defendant conveyed, or mortgaged the property were his creditors, and were by reason of said mortgage and sales preferred creditors.

There is but one question involved in the case, and that is, could the defendant after the commencement of the garnishment proceeding dispose of his property to his other creditors, and thereafter, but within the time for answering, claim the property garnished, as exempt?

The trial court in his memorandum opinion states that the facts in

the case at bar are almost identical with the facts in the case of Mahon v. Fansett, 17 N. D. 104, 115 N. W. 79; and further states, "applying the law of that case to the fact in this case," the court holds, "that the defendant having disposed of his property after the garnishment lien was acquired has waived his right to claim this as exempt."

It is the contention of the respondent, that the case of Mahon v. Fansett, supra, controls, and on the other hand, it is the contention of the appellant, that the defendant had full thirty days under the statute to claim his exemption, and that during that time he took advantage of the statute which gave him the right to prefer his other creditors, and conveyed his property to them in the payment of honest debts, and that such action on his part does not deprive him of the right to claim the property held in the garnishee proceedings as exempt to him at the time of the service of the garnishee summons.

In the case of Mahon v. Fansett, this court said: "The defendant answered nearly sixty days after the service of the garnishee summons, and alleged that the money held by the garnishee was exempt at the time of the making of the answer, but it contained no allegation that such money was exempt when the garnishee summons was served. . . . The commencement of the action determines the status of the debtor's property as to exemptions. . . . The garnishment statute is express that the liability of the garnishee attaches from the time of service of the summons on him. . . . We need not consider whether it is actually fraudulent or not, as it is sufficient to say that the answer must allege that the property was exempt when the garnishment summons was served." That is the basis of the decision in Mahon v. Fansett Case. In order to make effective a claim of exemption, it is necessary for the defendant to allege and prove that the property garnished was exempt when the garnishment summons was served. The answer in that case did not so allege, but on the contrary alleged that the property was exempt on the date the answer was served sixty days after the service of the garnishee summons.

Quoting again from Mahon v. Fansett, supra, "the answer did not, therefore, properly allege that the money was exempt," and again, "if the property was not exempt when the lien was acquired, no changes by sale thereafter can inure to the benefit of the debtor." It is clear that this decision is based on the fact that the defendant did not claim that

the property was exempt at the time that the garnishment summons was served, but that on the contrary he claimed that it was exempt on the date of the service of his answer. It follows, of course, that there was no foundation for his claim of exemptions. A lien attaching to the property garnished on the service of the garnishee summons could only be defeated on the claim that the property was exempt, by alleging and proving that the property was exempt when the lien attached. The burden of proving that the property was exempt was on the defendant, and he did not sustain the burden in that case. In the case at bar, the burden is sustained. The original answer does not clearly allege the date when the property became exempt, but without objection, the answer was amended and the amended answer clearly alleges that the garnished property was exempt to the defendant when the garnishee summons was served. The case was tried on the amended answer, and the proof shows that the property was exempt to the defendant when the garnishment summons was served. The defendant could, of course, have claimed his exemption at any time after the service of the garnishment summons but he was not obliged to. The statute, § 7580, Comp. Laws 1913, gives him thirty days to answer, and the right to claim his exemption any time within the thirty days. The defendant was clearly within his rights in serving his answer, and in claiming his exemptions within the statutory period, and since the statute, § 7218, Comp. Laws 1913, also gives him the right to prefer creditors, it was legal for him to dispose of his property as he did in payment of such debts; and the judgment of the trial court must be reversed, and judgment ordered for the defendant for the amount of the property garnished amounting to $797.95. It is so ordered.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.