This is an appeal from a judgment for damages in conversion and from an order denying a motion for judgment notwithstanding the verdict or for a new trial. *Page 786 
In November 1921, one Henry W. Morton executed and delivered to the Farmers and Merchants Bank at Warwick, N.D., a mortgage to secure the payment of three thousand dollars, and which mortgage covered personal property, horses, cattle and farm machinery. On the 27th day of October 1928, L.R. Baird, as receiver, of said Farmers and Merchants Bank brought an action to foreclose the said mortgage, and under § 8138, Comp. Laws 1913, a warrant to seize the personal property mortgaged and belonging to Henry W. Morton, was delivered to the defendant M.C. Stensby, sheriff of said county at the time, and the said defendant sheriff, under and by virtue of said warrant, seized certain personal property, took the receipt of the said Henry W. Morton therefor and leaving the said property on the premises.
On the 5th day of November 1928, Russell A. Morton, a son of Henry Morton, served upon the defendant Stensby, an affidavit and notice of the claim of ownership of ten head of the cattle levied upon by the defendant, alleging in said affidavit that the said cattle which were specifically described in the affidavit and notice, were the property of Morton Brothers, a copartnership, consisting of Russell A. Morton and Elmore M. Morton, sons of Henry Morton. The Mortons live upon 280 acres of land in Eddy county which, according to the testimony of Elmore M. Morton, is owned by the said Elmore Morton, and was his property at the time of the levy and since May 1927, and that the father and mother live with the boys on said farm.
There was a judgment in the action of foreclosure against Henry Morton, and the defendant Carl Thompson, having been elected sheriff in the meantime, levied upon said property under a special execution issued on the judgment in the foreclosure action and the property was sold under the special execution.
Appellants first contention is, that several causes of action had been improperly united, one against M.C. Stensby as sheriff, for making a levy of seizure; and that a separate and distinct cause of action is alleged against Carl Thompson as sheriff for making the sale. There is no merit in this contention, Stensby seized the property in an action to foreclose the lien and at the end of his term Thompson, who was elected sheriff in the meantime, took the property from Stensby for the same purpose. Thompson completed the foreclosure action which Stensby began. *Page 787 
A case in point is the case of Sprague v. Kneeland, 12 Wend. 161. In this case, one constable seized property under an attachment, another constable levied upon the same property by virtue of an execution in the attachment suit. The possession of the two officers is sufficiently simultaneous to subject them to an action as joint trespassers. The court said: "It is undoubtedly true, that if a plaintiff joins several defendants in trespass, he must prove a joint trespass. If the plaintiff in this case did not prove a joint trespass, he must fail. But, on the supposition that there was no justification, he did prove a joint trespass. In the first place, Sprague took the horse, and he remained in his possession until he passed by Sprague's consent into the possession of Carey. It makes no difference that they were not both together at the instant of mutual possession, or what is equivalent; Sprague was a trespasser when he took the horse, and continued to be a trespasser until Carey became a trespasser, if not after. It will not do for these defendants to excuse themselves, as to the possession of the horse, by one saying: `I have not got him,' and the other, `I did not take him.' They both had him, one by delivery from the other; their possession was therefore sufficiently simultaneous to constitute them joint trespassers." Appellants next contention is that respondent alleged in their notice of claim of ownership that the property was of the value of $600, that it is bound by this statement, and that in no event could there be a recovery of more than the amount claimed as the value.
Some states have laws providing that mortgaged property or property upon which there is a lien may be attached subject to the mortgage, pledge or lien, if the attachment creditor pays or tenders to the mortgagee, pledgee or holder of the property the amount due on the lien, provided the pledgee or holder shall make demand for the payment of the money due him stating in writing, a just and true account of the debt or demand for which the property is liable.
A late case on the subject is the case of Magnifico v. Nicholson, 264 Mass. 519, 63 A.L.R. 572, 163 N.E. 156. In this case the court said: "Since the enactment of Stat. 1829, c. 124, it has been the policy of our legislature to subject to attachment personal property of a debtor which is incumbered by a pledge or lien; but, in doing so, to protect the holder of the incumbrance to the extent of what is justly due him. Rev. Stat. chap. 90, §§ 78, 79, provided for a demand by the holder *Page 788 
of the incumbrance accompanied by `a just and true account of the debt or demand for which the property is liable to him.' If payment or tender of that sum is not made within a fixed time, then the attachment is dissolved and the property taken must be returned. With slight changes in detail, this law is in force today. Gen. Laws, chap. 223, §§ 74, 75. The requirement that a just and true account be furnished the attaching creditor is retained in the words of the statute, § 75, and in our decisions. Loanes v. Gast, 216 Mass. 197, 103 N.E. 473; Fender v. Blackmer,244 Mass. 447, 138 N.E. 813." These decisions are under a statute which applies to attached property upon which there is a lien, but does not apply to attached property which does not belong to the debtor but is the property of some third person.
We have no such statute and if we did have, it wouldn't apply as respondent does not claim the property under a lien, but as the absolute owner. Again, the property was not taken in an attachment suit, but was taken under a warrant of seizure in an action to foreclose the mortgage, and was held and disposed of under a special execution issued on the judgment in the action to foreclose.
There is no provision under § 8138, Comp. Laws 1913, for the making of a claim by a third party, and since it is not an attachment, the law in relation to claims of a third party in an attachment case does not apply. Attachment is a provisional remedy to obtain a lien, while the issuing of the warrant for the seizure of property is a part of the procedure to foreclose a lien. It is more nearly akin to a levy under execution for it contemplates an execution on the judgment in the action to foreclose. If the law relative to claims by third persons for property levied on, on execution applies, viz., § 7728, Comp. Laws 1913, it does not provide in any way for a statement of the claim other than if it is claimed by a third person, the sheriff may call a sheriff's jury which is only for the purpose of enabling the sheriff to determine whether he should require a bond or release the property. Pfeifer v. Hatton, 17 N.D. 99, 138 Am. St. Rep. 698, 115 N.W. 191. Since the statute does not prescribe any form or state any matter necessary to allege in making a claim of ownership, the owner may make his demand orally or in writing, and in any language which conveys to the sheriff the claim of ownership.
It follows, of course, that if Russell Morton understated the actual *Page 789 
value of the property in the claim, respondent is not bound by it. It was proper to introduce the claim as evidence of what Russell A. Morton claimed the property was worth at the time, but it was for the jury to determine from all the evidence the actual value of the property. This brings us to the question of the insufficiency of the evidence to sustain the verdict. There is evidence to sustain the verdict, if the jury believed the testimony of Russell Morton, his mother and his brother. The Mortons testified that the cows levied upon belonged to the Morton Brothers, and their credibility was for the jury.
It is claimed that, the instructions required the defendants to show that the property described in the complaint was the property of Henry W. Morton at the time the mortgage was given and filed and that the instruction excluded the consideration of the increase of the stock. The court instructed the jury as follows: "The burden in this case is upon the plaintiff to prove to your satisfaction by a fair preponderance of the evidence that at the time of the levy and at the time of the sheriff's sale, that the property levied upon and sold was then and there the property of and owned by the plaintiff and that it was sold wrongfully. . . . In this case you are instructed that as a foundation for the action of L.R. Baird the receiver of the Farmers and Merchants Bank at Warwick against Henry W. Morton, that the said Farmers and Merchants Bank of Warwick had and possessed a chattel mortgage given by Henry W. Morton to the said bank, being exhibit C offered in evidence, covering the property described therein, together with all increase of said live stock, which was duly filed of record, and if you find from the evidence in this case that the property described in the complaint of the plaintiff and claimed by the plaintiff herein, or any part thereof, is included in the property described in said mortgage, then and in that event and to the extent to which you find said property included in said chattel mortgage your verdict would be in favor of defendant, as the plaintiff could not recover in this action for any property covered by said chattel mortgage." In this instruction the court specifically calls attention to the increase described in the mortgage, exhibit C. The evidence is, that none of this stock that was levied upon was the increase of any stock owned by the elder Morton, that he had cattle when that mortgage was given in 1921, some of it was sold and the proceeds turned into the bank, a great portion of it *Page 790 
died from old age, and there was but one cow on the place at the time of the levy that was covered by the mortgage.
Appellant specified as error misconduct of counsel for appellant in his closing argument to the jury, but unfortunately the court reporter was not present at the time, and while appellant's attorney objected at the time, and thereafter filed a statement of what he claimed to have been said by respondent's attorney supported by a number of affidavits; on the other hand respondent's attorney filed a number of affidavits denying that he made such statement. The trial judge in order for filing the objection said, "It is ordered that the above objections by counsel for the defendant be filed with the clerk of the above named court nunc pro tunc as of the ninth day of November A.D. 1929, in the above entitled action; the court hereby not finding the matter set forth to be wholly accurate or matters correctly stated as in toto set forth or by this order settling same but merely to authorize the filing thereof by counsel for such purpose as the same may serve." Here we have a statement from appellant's attorney supported by several affidavits, a statement by respondent's attorney alleging that he made no such statements, but stating what he did say, and supported by affidavits and by an order of the court stating that the objections filed were not found by the court to be wholly accurate or correctly stated, and further the order denying a new trial upon that and other ground.
This court cannot pass upon the question for the record does not show what was said on the occasion, but is in dispute. This question was before this court in the case of Erickson v. Wiper,33 N.D. 222, 157 N.W. 592, and the court refused to consider the question of the misconduct of counsel when the question of what he said in his argument was in dispute. As an offset to plaintiff's claim the defendants allege in their answer: "That there were personal taxes against the said property due Eddy county at the time of the sale amounting to $153.53 and payment thereof was made out of the proceeds of said sale." Appellants claim that they sought to prove by Stensby and Thompson the payment of said taxes, and the exclusion of the evidence offered is assigned as error.
The record beginning on page 100 of the transcript is as follows, viz.: "Q. Mr. Stensby, at the time that this levy was made, or between that time and the time of the sale, did you have some personal property *Page 791 
taxes to collect against these chattels that you levied on? A. Yes. Q. And do you know what the amount of that was? A. Yes, that is —
Mr. Bothne: We will object to that as incompetent, immaterial. We claim that this is entirely immaterial, because these taxes, if there were any, were not taxes against these cows, but against the other property that was sold out there; there was machinery and horses and some other stuff sold, and they were taxes against this other property.
Mr. Traynor: Well how do you know?
The court: The objection is sustained in the form presented.
Q. You haven't the statement of the taxes with you, have you?
A. The sheriff has.
Q. Well, I'll get it from him then. But anyhow, before permitting the sale, or the proceeds of the sale to be received by L.R. Baird, as Receiver, did you require that these taxes be paid out of the proceeds of the sale?
A. Yes.
Mr. Bothne: That is objected to as incompetent and immaterial.
The court: Sustained.
Mr. Bothne: And I move the answer be stricken out.
The court: Strike it out."
This is the entire record on the subject of taxes. Mr. Thompson was called as a witness immediately after Mr. Stensby left the stand, but he is not asked about the payment of taxes. It is clear from this record that there was no error in sustaining the objection to the question for the reason that it covered all the property included in the foreclosure action and was not limited to the property claimed by the plaintiff. The trial judge sustained the objection on that ground, and the question was not asked in any other form, nor was there an offer of proof.
The order and judgment appealed from are affirmed.
BIRDZELL, CHRISTIANSON, BURR and NUESSLE, JJ., concur. *Page 792