## JOHN P. WAGNER *vs.* GUNDER OLSON.

Opinion filed Jan. 25th, 1893.

### Attaching Exempt Property—Failure to File Schedule.

While § 5130, Comp. Laws, requires a debtor who desires to receive the benefit of the exemptions mentioned in § 5128, Id., to serve upon the officer who has seized his property under execution or attachment a verified schedule containing all his personal property, yet the failure of the debtor to include in such schedule all of such property, when done with no fraudulent intent, and when the officer is in no manner misled thereby as to the amount of the debtor's property, will not deprive the debtor of such exemptions, but only debars the debtor from selecting any property as exempt which does not appear in the schedule.

### Mingling of Goods—Purchase Money—Execution.

Where a merchant purchases goods of the same class and quality from different parties, and in the ordinary course of business so mingles the goods upon his shelves that it becomes impossible to designate the goods purchased from any one party, yet such fact will not render the entire stock liable to seizure at the suit of one of such parties to recover the purchase price of goods sold to such merchant, notwithstanding § 5137, Comp. Laws, provides that no exemption shall be allowed against an execution issued for the purchase money of property that has been seized under the execution.

### Claim and Delivery for Exempt Property.

When, in such a case, the owner brings the action of claim and delivery against the officer holding such property, on the ground that the same was exempt from such seizure, the burden is upon the officer to show what specific property so held by him was liable to seizure for the purchase price thereof under the process in his hands.

### Affidavit that Property is Exempt.

The action of claim and delivery will lie at the suit of the defendant in attachment to recover property seized under a writ of attachment, when it is stated in the affidavit that such property was exempt from such seizure.

Appeal from District Court, Walsh County; *Templeton,* J.

Action in claim and delivery by John P. Wagner against Gunder Olson, sheriff. Plaintiff had judgment, and defendant appeals. Affirmed.

*Bosard & Van Wormer,* for appellant.

*C. A. M. Spencer,* for respondent.

BARTHOLOMEW, J.   This controversy arises under the exemp-
tion laws of this state.  The defendant, and appellant herein,
was sheriff of Walsh County, and as such received a writ of
attachment in an action brought by the firm of Dodson, Fisher &
Brockman against John P. Wager, the plaintiff and respondent
herein.  The sheriff at once laid the writ upon a stock of merchan-
dise consisting of harness, harness leather, harness hardware,
blankets, robes, etc., belonging to the respondent.  Respondent
made an effort to claim his exemptions under the statute, but his
claim was not recognized by the officer, whereupon he brought
this action in claim and delivery, resulting in a verdict and judg-
ment in his favor.

Our statute (§ 5128, Comp. Laws) gives the debtor, in addition
to certain absolute exemptions, other personal property, not to
exceed in the aggregate $1,500 in value.  Section 5130 provides
that, when the debtor desires to avail himself of the additional
exemptions, he must make and deliver to the officer who has
levied process upon his property a verified schedule of all his
personal property, and provides that any property owned by the
debtor, and not included in the schedule, shall not be exempt.
Other provisions provide for an appraisement, and that from the
appraisement so made, if over the limitation in value, the debtor
may select the amount of his additional exemptions.  The claim
for the benefit of these exemptions must be made within three
days after the notice of the levy.  Within the time limited, the
respondent (defendant in the attachment action) served upon
the officer the following notice, (omitting title:)   "To the sheriff
of said County of Walsh:  Take notice that the above named
defendant hereby claims the following personal property owned
by him as exempt from attachment and execution in the above
entitled action, that is to say, viz: the personal property, book
accounts, and notes mentioned in the schedule hereunto annexed,
and made a part of this notice; and you are further notified that
I choose M. F. O'Brien, a disinterested citizen of said county,
not related to either party, to act as my appraiser in fixing the

value upon all the personal property levied upon by you, in order that I may select the exemptions of fifteen hundred dollars given me by law. Dated, May 13th, 1889. John P. Wagner." To this was attached an itemized list of property, being the same property described in the complaint, and a verification by Mr. Wagner, in which he says "that the foregoing list of personal property is a complete schedule of all his personal property, of every kind and character, including money on hand, and debts due and owing deponent, claimed by him as exempt under the laws of the Territory of Dakota." No other schedule of personal property was made by respondent. It is reasonably certain from the evidence that another demand for this same property was made after the appraisement.

The appellant requested certain instructions, involving the following points: *First*, that the schedule was insufficient for the reason that it did not cover all of respondent's property; *second*, the demand for exemptions was insufficient in that it did not appear that the articles demanded were selected from the appraisement; *third*, that there was no evidence of the value of the property; and, *fourth*, that the property purchased from Dodson, Fisher & Brockman, and for the purchase price of which the attachment action was brought, was so intermingled and combined with the property claimed as exempt that they could not be identified and separated. These requests were all refused, and the court, in its charge to the jury, said: "I say, as a matter of law, that all the proceedings of the plaintiff leading up to his demand for exemptions in this case were had within the time and in the manner prescribed by law." On argument, in addition to the points made in his requests, appellant urges that the instruction quoted was error, because it appears by the evidence that the property demanded covered the entire appraisement, which exceeded the exemption limitation in value; or, if this be not true, that there was no evidence in the case showing the appraised value of the property claimed. It is far from clear upon the record that these last points were ever called to the attention of

the trial court, but as, under the instruction, they might have been made on the motion for a new trial, and as we are not sure they were not, we shall consider them.

We call attention, first, to the fact that the schedule served did not cover all of respondent's property, but only such as he claimed as exempt. The statute requires the debtor to serve a schedule covering all his personal property, but it does not say that his failure to include all such property shall deprive him of his exemptions. It fixes the consequence of such omission when it declares that any property not so included shall not be exempt. Courts cannot declare a more serious consequence. Respondent seems to have understood and intended that all of his personal property not embraced in the schedule should be applied on his debt; and, while it is true that his schedule was not a literal compliance with the statute, yet, under the liberal construction always applied in the matter of exemptions, we think it sufficient in this case. *Paddock* v. *Balgord*, (S. D.) 48 N. W. Rep. 840. The officer had already seized, and had in his possession, all of respondent's personal property. Had the schedule misled the officer as to the amount of respondent's property, and particularly if it had been made with intent to mislead him, an entirely different question would be presented. The demand for exemptions contained in the schedule was a nullity, because at that time there had been no appraisement, and the law requires the selection to be made from the appraisement where it exceeds $1,500 in value. Section 5132, Comp. Laws. But it is undisputed, under the testimony, that the list of property contained in that schedule was taken from the inventory which the sheriff (appellant) had served upon the defendant in the attachment case, (respondent herein.) The appraisement, of course, covered the same property that was in the inventory, and all of it. It might have covered more, but that is immaterial now. Another demand for the same property was made after the appraisement. As we have just said, this property must have been upon the appraisement, and the demand was a sufficient selection from such appraisement. In this connection

it will be most convenient to notice the points that this second demand was for all the goods appraised, or, if not, that there is no evidence of the appraised value of such as were demanded. Respondent, as a witness for himself, in speaking of the second demand, says: "I demanded the property from defendant after this appraisement was made, and he refused." Because this witness had just been speaking of the entire appraisement, appellant assumes that "the property" refers to all the property. This is certainly unwarranted. Respondent had brought his action to recover certain specific property. He had already shown that at one time he demanded the identical property for which suit was brought. Then, after speaking of the appraisement, he says he demanded the property after such appraisement. But there is no intimation that this demand differed in any respect, as to the property covered, from the first; and that the first demand did not include all the property appraised is perfectly clear from the record. The schedule of property claimed as exempt is in the abstract. The appraisement was introduced in evidence, but is not embodied in the abstract. The amount of the appraisement is given as $1,526.03 in merchandise, and $708.80 in notes and accounts. An examination of the list of property claimed as exempt shows that it contains a list of merchandise, and notes and accounts. One Shepperd, salesman for Dodson, Fisher & Brockman, and a witness for appellant, testified that at the time of the levy two-thirds of the stock were goods that he had sold to respondent as agent of Dodson, Fisher & Brockman; in other words, goods of the value of more than $1,000 belonged to that class. But the witness also testified that of the goods claimed as exempt about $200 were purchased from his firm. From this it follows that goods of the value of $800, at least were appraised which were not claimed as exempt. Nor is there any support for the claim that there was nothing before the trial court to show what value the appraisers placed upon the property claimed as exempt. True, there is nothing before this court from which the amount can be ascertained, because the appraisement was not

incorporated in the abstract; but the appraisement was before the trial court, and we must presume that it showed the value placed by the appraisers upon each article, or lot of property claimed as exempt. With this appraisement before it, the trial court told the jury, in effect, that the appraised value of the property claimed did not exceed the sum of $1,500. We cannot say that the trial court erred, because the incomplete abstract before us does not conclusively establish the correctness of the instruction. Error must affirmatively appear.

The action of Dodson, Fisher & Brockman, was on account for goods sold and delivered. Section 5137, Comp. laws, provides that no property shall be exempt from siezure on execution issued for the purchase price thereof. The trial court charged that the burden was upon appellant to show what property, if any, that was claimed by respondent as exempt, had been purchased from Dodson, Fisher & Brockman, and the purchase price of which was included in the account sued upon. In this there was no error. When respondent established that he was the owner of the property, and that its value did not exceed $1,500, and that he had made a proper demand therefore, he showed a *prima facie* case of exemption. If it was not exempt, it was by reason of some exception to the general law, and the party who claims the benefit of such an exception must bring himself within its terms. *Paddock* v. *Balgord, supra.*

It appears that respondent had been in the habit of purchasing goods from different parties, and, when received, he placed them upon his shelves indiscriminately; so that, when the same character and quality of goods were purchased from different parties, and placed upon the shelves, it became impossible to say what articles were purchased from one party, and what from another. As the goods purchased from Dodson, Fisher & Brockman, were liable to seizure in an action for the purchase price thereof, and as such goods could not certainly be identified by reason of the mixture made by respondent, it is claimed that thereby the whole stock became liable to seizure. We cannot assent to this proposition.

This is not a case calling for the application of the rules that obtain in cases of fraudulent admixture of goods. If appellant's position be correct, then a merchant would be entitled to no exemptions whatever as against the claims of parties from whom he purchased goods unless he kept his stock so arranged and classified that he could tell at any moment from exactly what source he received every article in his stock.

Lastly, the old common law rule is invoked that, the goods being in *custodia legis*, replevin would not lie. The rule is not of universal application in this state. Section 4973, Comp. Laws, prescribes what the affidavit in claim and delivery of personal property shall state, and, among other things, it must state that the property was not "seized under an execution or attachment against the property of the plaintiff, or, if so seized, that it is by statute exempt from such seizure." Clearly this statute authorizes the action where the property is claimed as exempt, as in this case. *Cooley* v. *Davis*, 34 Ia. 128; *Whitney* v. *Swensen*, (Minn.) 45 N. W. Rep. 609.

Judgment affirmed.

WALLIN, J., concurs.

CORLISS, C. J., having been of counsel, took no part in the above decision.