FURROW v. ZOLLARS, Sheriff.

Under Comp. Laws, Sec. 5135, as amended by Laws 1893, Chap. 19, provid-
   ing that upon a levy upon personal property the debtor must claim the
   benefit of his exemptions within five days after notice of the levy, the
   time for making such claim is not extended by the pendency of replevin
   by a third person to recover the property levied upon, and to which the
   debtor is not a party.

(Opinion filed April 24, 1896.)

Appeal from circuit court, Pennington county.   Hon. WM.
GARDNER, Judge.

Action to recover the value of certain property claimed to
be exempt which had been seized and sold under execution.
Defendant had judgment and plaintiff appealed.   Affirmed.

The facts are stated in the opinion.

*Schrader & Lewis*, for appellant.

Under the laws of this state the judgment debtor has five
days after notice of levy to demand exemptions.   Laws 1893,
p. 40.

Exemption laws in this state are liberally construed, and
are for the benefit of both the debtor and his family.   The de-
murrer should have been overruled.   Noyes v. Belding, 5 S. D.
603, 59 N. W. 1069, and cases cited.

*Chauncey L. Wood* and *Charles J. Buell*, for respondent.

The claim came too late.   Alder v. Yeoman, 29 Ill. App.
53.

FULLER, J.   This appeal is from an order sustaining a de-
murrer to the complaint of a judgment debtor in an action
against a sheriff, to recover the value of twenty-five head of cat-
tle claimed to be exempt, and which were seized and sold under
an execution.   The facts essential to a determination of the
only question of law presented are as follows:   On the 6th day
of September, 1893, respondent seized and took into his posses-
sion, under an execution directed against the property of

appellant, one hundred head of cattle. Claiming to be the owner of and entitled to the immediate possession of the cattle thus seized, Martha E. Furrow commenced an action in claim and delivery against respondent, by virtue of which said cattle were taken by the coroner from the possession of respondent sheriff and delivered to the plaintiff, therein, on the 9th day of September, 1893. Upon the trial which took place on the 7th day of June, 1894, Martha E. Furrow was adjudged to be the owner and entitled to the immediate possession of seventy-five head of the cattle, and the remaining twenty-five head were found to be the property of the judgment debtor, to the immediate possession of which respondent herein was adjudged to be entitled by virtue of the seizure thereof on the 8th day of September, 1893, under the execution above mentioned. After the entry of judgment in the claim and delivery action and prior to the redelivery of the twenty-five head of cattle to the respondent sheriff, which occurred on the 3d day of July, 1894, and also upon the day immediately following said redelivery, appellant as the head of a family and in the form contemplated by statute, claimed said property as exempt and demanded that the levy theron be released.

Nine months having intervened since the levy and the date of written notice thereof, appellant's claim for exemptions was disregarded by respondent and the property was, by order of the court, duly advertised and sold, and the proceeds were applied to the satisfaction of the judgment upon which said execution was issued. As the property was taken from the sheriff by the plaintiff in the action in claim and delivery, before the expiration of the five days allowed appellant by the statute, within which to claim his exemptions, his counsel maintain that no demand was necessary during the pendency of said action and that the claim was made in time. Upon the undoubted theory that the exemption right is a personal privilege which may be waived, courts have with obvious propriety held, that the claim must be made, if at all, by the debtor or his author-

ized representative, within a reasonable time. Many perplex-
ing questions as to the respective duties of the debtor and the
levying officer have been obviated by the wise provisions of our
statute—Sec. 5135 of the Compiled Laws, as amended by Chap.
19 of the Laws of 1893 which provides as follows: "In all
cases of attachment or levy upon personal property by a sher-
iff, constable or other officer, he must give written notice
thereof and a list of the property to the debtor, his attorney,
agent or wife, or failing conveniently to find either, to such
child as is described in Sec. 5133, or to any person in posses-
sion; and the debtor or such other person for him, must claim
or demand the benefit of these exemptions within five days
after such notice from the officer."

The salutary effect of this provision is to require the offi-
cer to apprise the debtor of his rights, and to fix a reasonable
time thereafter within which the same must be exercised. Or-
dinarily a determination of what constitutes reasonable time,
requires a consideration of all the facts and circumstances of a
case, and whether the matter is for the determination of the
court or for the jury, is a question which has occasioned much
conflict of authority. At the time the notice of levy was served
appellant knew that he was the owner of twenty-five head of
the cattle, and is charged with the knowledge of his right to
make a claim for exemptions. Not being a party to the action
in claim and delivery he was in no maner bound to take notice
of any of the proceedings therein, and in the absence of evi-
dence there is no presumption of a knowledge upon his part,
that the property had been taken out of the possession of re-
spondent. In no manner did that action prevent the making
of a valid and timely claim for exemptions, by virtue of which
the levying officer would have been rendered liable in case of a
subsequent sale of the property under the execution.

To hold, under such circumstances, that a judgment debtor
and owner of personal property presumptively subject to exe-
cution, may wait nearly a year before taking the first step

toward the exercise of his privilege, would be to pervert the statute by which the exemption right is created. The rule is, that "the claim must be made in the manner and within the time required by the law of the state as expressed in its statutes, or in the decisions of its courts." 1 Freem. Ex'ns, 214; Alden v. Yeoman, 29 Ill. App. 53. The judgment of the trial court entered upon the order sustaining the demurrer is affirmed.