(119 N. W. 1044.)

---

BEN PFEIFER v. T. T. HATTON, AS CONSTABLE OF SARGENT COUNTY.

Opinion filed October 15, 1908.

**Exemptions — Claim to — Sufficiency of Schedule.**

1. A debtor, desiring to avail himself of the additional exemptions allowed under section 7117, Rev. Codes 1905, must make a schedule of all his personal property, of every kind and character, including money on hand and debts due and owing to him, as required by section 7119, Rev. Codes 1905, and a failure to substantially comply with the provisions of such section will defeat his claim to such exemptions.

**Same.**

2. The purported schedule made by plaintiff in this case examined, and *held*, not a substantial compliance with the statute, as it does not purport to list all of his personal property.

Appeal from District Court, Sargent county; *Allen, J.*

Action by Ben Pfeifer against T. T. Hatton, as constable of Sargent county. Judgment for defendant, and from an order denying a motion for judgment non obstante, or for a new trial, plaintiff appeals.

Affirmed.

*Rourke, Kvello & Adams,* for appellant.

*O. S. Sem* and *J. E. Bishop,* for respondent.

FISK, J.    Plaintiff and appellant seeks to recover a judgment for the possession of certain personal property, which was levied upon by respondent under an execution against plaintiff, which property the latter claims as exempt.    Defendant had judgment in the court below, and from an order denying plaintiff's motion for a judgment non obstante, or for a new trial, plaintiff appealed.

The sole question involved is whether plaintiff complied with the statute (section 7119, Rev. Codes 1905), in claiming his exemptions. The record discloses that after such levy plaintiff appeared before a justice of the peace, and caused an affidavit to be prepared, which he signed and swore to as hereinafter set forth.    A copy of said affidavit was also made by the justice and delivered to plaintiff, who delivered same to defendant.    The original was neither delivered nor exhibited to the officer.    If there was a substantial compliance by plaintiff with the statute relating to the manner of claiming additional exemptions, the order appealed from should be reversed, otherwise it should be affirmed.    Section 7119, so far as here involved, reads: "Whenever any debtor, against whom an execution, warrant of attachment, or other process has been issued, desires to avail himself of the benefits of section 7117 of this Code, said debtor, his agent or attorney, shall make a schedule of all his personal property of every kind and character, including money on hand and debts due owing to the debtor, and deliver the same to the officer having the execution, warrant of attachment, or other process, which said schedule shall be sworn to by the debtor, his agent or attorney, and any property owned by the debtor and not included in the schedule shall not be exempt as aforesaid."

The only schedule, or purported schedule, made by appellant is as follows, omitting formal parts:

"State of North Dakota, County of Sargent—ss.:

"Before me, John B. Johnson, a justice of the peace in and for the township of Hall, county of Sargent and state of North Dakota, came Ben Pfeifer, defendant, who being by me duly sworn according to law, deposes and says that the following is his personal property which is now part of property being attached.    The list is as follows:    All my dishes for family use, value $20.00; all furniture such as beds, chairs, commode, dresser, 1 kitchen cupboard, churn, milk cans, value $35.00; all books, wall pictures, baby carriage,

value $10.00; all poultry such as chickens, ducks, value $35.00; all farm tools and extras needed on a farm, 1 bobsled, 1 breaking plow, value $35.00.   The balance in car attached am agent for F. J. Pfeifer and supposed to deliver.                    Bernard Pfeifer.

"[Duly verified.]

"I, Ben Pfeifer, defendant in above action, also claim all bed clothes, and clothing to wear by me and family and that I claim all of above as exempt according to law, value $40.00.

"Bernard Pfeifer."

Among other things it is respondent's contention that appellant, in attempting to claim his exemptions, failed to substantially comply with the statute aforesaid, first, because the so-called schedule is not, and does not purport to be, "a schedule of all of his personal property of every kind and character, including money on hand and debts due and owing to the debtor;" and, second, service of a mere copy upon the officer was in no manner a compliance with the statute.   Whether the service by copy upon the officer was a substantial compliance with the statute it is unnecessary for us to decide, as we are clearly of the opinion that the so-called schedule was wholly insufficient, and was not a substantial or any compliance with the law.   Appellant, by his affidavit, merely lists certain property, and avers that the same is his personal property.   He, in his affidavit, nowhere states, in substance or effect, that the property therein listed is all his personal property, of every kind and character.   The statements in the affidavit may be entirely true, and still appellant may have a large amount of other personalty.

While exemption laws should be liberally construed so as to effectuate the objects sought to be accomplished thereby, still he who seeks to take advantage of such statute must substantially comply with the requirements thereof, and this the appellant signally failed to do.   Therefore the trial court did not err in making the order appealed from, and the same is accordingly affirmed.   All concur.