DRAKE MARBLE & TILE COMPANY, Appellant, v. BJORAAS (Chap. of Calvary Cathedral of Sioux Falls, Garnishee), Respondent.

(160 N. W. 725.)

(File No. 3952.    Opinion filed December 20, 1916.)

1. **Exemptions—Status of Debtor's Property—Defective Schedule— Date on Which Claim Attaches—Time for Filing—Statute.**

Under Code Civ. Proc., Sec. 355, requiring that debtor claiming exemptions shall schedule all personalty and deliver same to the officer, and that any property owned by debtor, and not scheduled, shall not be exempt, and Laws 1913, Chap. 228, providing that where defendant in garnishment proceedings appears and claims property as exempt, and serves verified claim of exemptions, he may upon three days' notice apply for an order releasing the property as exempt, a claim of exemptions in form prescribed by Sec. 355, duly verified, within three days after service of garnishee summons on principal defendant, is sufficient to sustain a claim, as against the objection that the schedule failed to allege that the property was all the property owned by debtor on the date on which garnishment process was served, but purports to list only such property as he owned three days after the levy. So held, in absence of any fraudulent disposition of other property by judgment debtor.

2. **Same—Exemption Claim, Not Listing all Property, Sufficiency— Penalty for Failure to List—Statute.**

Where the principal debtor in garnishment proceedings filed a claim of exemptions under Code Civ. Proc., Sec. 355, held, that the debtor's failure to list all his property when making his claim of exemptions, does not render the claim

ineffectual; the only penalty for such failure is that prescribed by said section, which is that the property not included shall not be exempt.

Appeal from Municipal Court, Sioux Falls.  Hon. ALPHA M. ORR, Judge.

Action by the Drake Marble & Tile Company, against Albert Bjoraas, wherein the Chapter of Calvary Cathedral of Sioux Falls was garnishee.  From an order sustaining motion to release property as exempt, plaintiff appeals.  Affirmed.

*Parliman & Parliman,* for Appellant.

*Lewis Larson,* for Respondent.

(1) To point one of the opinion, Appellant cited:  Mahon v. Fansett et al., (N. D.) 115 N. W. 79.

Respondent cited:  Laws 1913, Chap. 228; Code Civ. Proc., Sec. 355.

(2) To point two of the opinion, Appellant cited:  Millerke v. Reilly, 31 S. D. 347-349; Paddock v. Balgord, 2 S. D. 100; Wagner v. Olson, (N. D.) 54 N. W. 286.

Respondent cited:  Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840; Wagner v. Olson, (N. D.) 54 N. W. 286.

SMITH, J.  Action by plaintiff, Drake Marble & Tile Company, against the defendant, Bjoraas, for building material sold and delivered to him.  Chapter of Calvary Cathedral, Incorporated, being indebted to defendant, was garnisheed.  Summons and complaint were personally served on Bjoraas October 22, 1915. Garnishment process was served the same day.  Bjoraas made default in the action, but on October 25th served notice and claim of exemptions.  No question arises as to the regularity of the garnishment proceedings.  The question sought to be reviewed is the sufficiency of the affidavit and claim of exemptions.  The garnishment was served October 22d; the affidavit and claim of exemptions was made October 25th, three days later.  The recitals in the affidavit and claim of exemption which are material here are as follows:

"I am the defendant in the above-entitled action, and am a resident of the state of South Dakota and city of Sioux Falls; that I am a single man; that the following is a schedule of all my personal property, including money on hand, and debts due and owing me; that I hereby claim the same exempt from levy

and sale under execution, and from garnishment and attachment; and I hereby demand and give notice that any and all portions thereof which have been garnisheed and levied upon in the action, in the hands of the Chapter of Calvary Cathedral of Sioux Falls, S. D., garnishee defendant herein, be released and discharged from such garnishment and levy. * * *"

"(2) * * * Money due from the Chapter of Calvary Cathedral of Sioux Falls, S. D., upon order from the J. Schelde estate, being the sum of $150; office furniture and fixtures valued at $100—the whole not exceeding the sum of $300."

Henry Carlson is named as appraiser to fix the value of such personal property. No disclosure was made by the garnishee. Within three days after service of the garnishee summons defendant served written notice of application to the court for an order releasing exempt property, pursuant to chapter 228 of the Laws of 1913. Application was based upon affidavit of the defendant.

Upon the hearing appellant filed the affidavit of R. W. Parliman, Jr., in resistance, alleging, in substance: First, that the defendant is not a resident of this state; second, that at the time of the garnishment the garnishee was indebted to defendant in about the sum of $500, and that defendant also has money owing to him from a bank at Ambrose, N. D., in about the sum of $600; that defendant's claim of exemption is untrue and false, and made for the purpose of concealing his property and defrauding plaintiff. The trial court sustained defendant's motion to release the property as exempt, and plaintiff appeals. Although no disclosure of indebtedness was made by the garnishee, the affidavit and motion to discharge and release the garnishee made by defendant alleges an indebtedness of the garnishee to himself in the sum of $150, and appellant assigns no error in that the garnishee failed to make such disclosure.

[1] Appellant's main contention is that the schedule of property made by respondent is defective and insufficient, in that it fails to allege that the property scheduled was all the property owned by him on October 22d, the date on which garnishment process was served, but purports to list only such property as he owned on October 25th, three days after the levy.

Section 355, Code Civil Procedure, requires that the debtor who seeks to claim exemptions—

"shall make a schedule of all his personal property of every kind and character, including money on hand, and debts due and owing to the debtor, and deliver the same to the officer having the execution, warrant of attachment or other process, which said schedule shall be subscribed and sworn to by the debtor, his agent or attorney, and any property owned by the debtor and not included in said schedule shall not be exempt as aforesaid."

Appellant relies largely on the case of Mahon v. Fansett, 17 N. D. 104, 115 N. W. 79, which was an action against a garnishee. The defendant garnishee sought to interpose a claim of exemption in favor of the judgment debtor. The garnishee admitted an indebtedness of $756.81 in favor of the judgment debtor. The answer, which was served about 60 days after service of the garnishee summons, alleged that the money held by the garnishee was exempt at the time of the making of the answer, but contained no allegation that such money was exempt when the garnishee summons was served. At the trial the evidence disclosed that the defendant had disposed of some of his property after the garnishment, and before the answer was served. The court held that the liability of the garnishee attached from the time of the service of the garnishment, that a sale by the debtor of his property other than that in the hands of the garnishee when the summons was served, where the property in the hands of the garnishee was claimed as exempt, amounted to a fraud upon the plaintiff's rights; that the answer, which alleged that the property in the hands of the garnishee was exempt when the answer was drawn, did not properly allege that the money was exempt; and that objections to evidence upon that ground were well founded. The rule announced in that case fixing the date at which the liability of the garnishee attached is undoubtedly correct. The gist of the decision, however, is that a judgment debtor who disposes of his personal property not covered by garnishment, and thereafter seeks to claim as exempt property levied upon by garnishment, is guilty of a fraud which renders the claim of exemptions ineffectual.

. We can easily distinguish, without approving or disapproving that decision. It presents a situation radically different from that involved in this appeal. In this case it is neither alleged nor claimed that the judgment debtor has disposed of any of his

property, or has been guilty of any wrongful act other than a failure to list in his schedule, served with his claim of exemption, all property owned by him.

The proceeding in this case is under a statute entirely different from that involved in the North Dakota case, although we have another statute in this state similar to the North Dakota statute. Chapter 228, Laws of 1913, provides:

"That in all proceedings in garnishment in any of the courts of this state wherein the principal defendant shall have appeared and claimed the property garnished as exempt to him by the laws of this state, and shall have served upon the plaintiff or his attorney in the action a duly verified claim of exemptions within three days, after the service of the garnishee summons upon said principal defendant, which claim of exemptions shall be in the form prescribed by law for the claiming of exemptions, then and thereafter the said principal defendant may upon three days' written notice to the plaintiff or his attorney apply to the court in which such proceeding is pending, for an order releasing said property as exempt ,and thereupon the court shall at the time and place designated proceed to a hearing upon defendant's claim to have said property set aside to him as exempt and shall thereupon make such order as is equitable in the premises and from which order either party shall have the right of an appeal."

We are of the view that, under this statute, a claim of exemptions in the form prescribed by section 355, Code of Civil Procedure, duly verified within three days after service of the garnishee summons upon the principal defendant, is sufficient to sustain a claim of exemptions, at least in the absence of any fraudulent disposition of other property by the judgment debtor.

[2] It is appellant's further contention that a failure of the principal debtor to list all his property when making his claim of exemptions renders the claim ineffectual for any purpose. In this view appellant is in error. The only penalty for such failure is that prescribed by section 355, Code Civil Procedure, which is that "any property owned by the debtor, and not included in said schedule, shall not be exempt."

In Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840, construing this identical statute, this court said:

"The section itself contemplates that property of the debtor may be either deliberately or inadvertently omitted, without rendering the schedule void or inoperative; for it declares what the consequences of such omission shall be, to-wit, that 'any property owned by the debtor, and not included in the schedule, shall not be exempt as aforesaid.'"

A similar statute received the same construction in Wagner v. Olson, 3 N. D. 69, 54 N. W. 286.

The finding of the trial court upon the question of defendant's residence within this state will not be disturbed by this court upon the record before us.

The order of the trial court is affirmed.