JACOB L. JANGULA, Respondent, v. PHILOPENA E. BOBB and Fred E. Bobb, Appellants. HUGHES ELECTRIC COMPANY, a Corporation, Garnishee.

(213 N. W. 27.)

**Exemptions — right to additional exemptions — how asserted.**

1. The right of a debtor to claim additional exemptions as defined by § 7731, Comp. Laws 1913, as amended, may be asserted either under § 7580, Comp. Laws 1913 by answer in a garnishment proceeding, or under §§ 7733 and 7738, Comp. Laws 1913, as amended, by claim or demand and schedule after levy on execution or under warrant of attachment. These two methods of asserting the right are wholly independent of each other.

**Exemptions — where defending under § 7580 — schedule of personal property not necessary.**

2. Where a defendant in a garnishment proceeding defends under § 7580 upon the ground that the indebtedness of the garnishee is exempt, it is not necessary that he set out in his answer or by schedule a statement of the other personal property owned by him as required by § 7733.

Opinion filed April 5, 1927.

Exemptions, 25 C. J. § 241 p. 135 n. 90; § 252 p. 140 n. 75.

Appeal from the District Court of Burleigh County, *Jansonius, J.* Reversed.

*F. O. Hellstrom,* for appellants.

*O'Hare & Cox,* for respondent.

NUESSLE, J. In January, 1925, plaintiff brought this action in contract and garnisheed the Hughes Electric Company. Service was made on January 17th on both defendant and garnishee. Thereafter the garnishee made a disclosure showing that it was indebted to the defendant in the sum of $118.25. On February 16th the defendant served upon the plaintiff a paper entitled, "Notice of Exemption," in which he alleged that he was a resident of the state of North Dakota and the head of a family; that the indebtedness owing to him from the Hughes Electric Company was exempt; and moved for an order dismissing the garnishment proceeding. This was not verified but was supported by

the defendant's affidavit wherein he reiterated the matters and things set out in the "Notice of Exemption," generally described the property owned by him and alleged that the value of all of his property was less than $1,000.00. Plaintiff considered this and treated it as a claim for additional exemptions made under § 7733, Comp. Laws 1913 and, thereafter on the 19th day of February served written objections to it on the grounds that the schedule attached thereto failed to properly itemize and describe the property belonging to the defendant and was not a full and complete schedule of such property, and that such claim for exemption was not made within ten days from date of service of garnishment summons upon the defendant and garnishee as required by § 7738, Comp. Laws 1913 as amended. The matter came on for hearing on the objections so made and the trial court held that no proper claim of exemption had been made under § 7733, but that the paper served constituted an answer under § 7580, Comp. Laws 1913 providing that a defendant may defend proceedings against any garnishee upon the ground that the indebtedness is exempt from execution against such defendant. In October, 1925, pursuant to leave granted by the trial court, the defendant filed an amended answer and schedule.

Thereafter the issue as made by this amended answer was tried to the court without a jury. Testimony was offered and received and the court found that the property claimed and scheduled as exempt in the amended answer, including the indebtedness garnisheed, did not exceed in value $350, but further found that the affidavit and schedule of the defendant was in fact false and that at the time of the service of the garnishee summons the defendant had other and additional personal property, worth and of the value of $1,500. Whereupon the trial court ordered judgment denying the claim of exemptions of the defendant on the ground that defendant had failed to comply with the statute in making his claim in that he did not make and serve with his answer a true and correct schedule of all his personal property as required by § 7733. Judgment was entered upon the order so made. This appeal is from such judgment.

The plaintiff on this appeal contends that in order to have his claim of exemption to the $118.25 allowed the defendant must either by a verified claim of exemption or by a verified answer set up a complete itemized schedule of his personal property as prescribed in § 7733.

The defendant does not challenge the proposition that in order to make a claim of exemption by answer he must set out a schedule of his property, but he insists that if a schedule be made including the property garnisheed the fact that other property is falsely omitted does not affect his claim of exemption as to the property included in the schedule, but merely renders the omitted property not exempt.

Thus two questions are presented: (1) Must a defendant either by verified schedule or by answer make a full and complete disclosure of all of his property pursuant to § 7733, Comp. Laws 1913 in order to defend a proceeding against a garnishee upon the ground that the garnisheed property is exempt? (2) If it is necessary that such a disclosure be made, does a failure to comply with the requirement of the statute to make a complete and correct statement of the debtor's personal property operate to defeat altogether the defendant's rights to a claim of exemption, or does such failure merely render the property omitted subject to execution and sale?

Article 2 of chapter 12 of the Code of Civil Procedure, being §§ 7729 to 7743, Comp. Laws, 1913, relating to exemptions was inherited from the territorial statutes and has ever since been in effect in this state. Our garnishment statute, §§ 7567 to 7587, Comp. Laws, 1913, is peculiar to itself and was first enacted as chapter 65, Sess. Laws, 1895. In this connection see Park, Grant & Morris v. Nordale, 41 N. D. 351, 170 N. W. 555. Prior to this enactment the lien of a creditor was imposed by levy on execution or under warrant of attachment. Manifestly, the provisions of the exemption statute relating to the claiming of additional exemptions did not at the time of their adoption contemplate the present garnishment proceedings. This is further evidenced by the wording of those sections of the statute providing how and when a claim for additional exemptions shall be made. See §§ 7733 and 7738.

The garnishment statute (§ 7580) provides that "the defendant may in all cases by answer duly verified, to be served within thirty days from the service of the garnishment summons on him, defend the proceeding against any garnishee upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant . . . ," but does not specify that in order to make such defense it shall be necessary to make or set out a claim or

schedule as required by § 7733. Sections 7729, 7730 and 7731 of the exemption statute define the right to exemptions. Sections 7733 and 7738 prescribe the manner and time within which the claim for additional exemptions must be asserted. We do not believe, however, that the latter sections are exclusive. Section 7580 also permits a defendant in garnishment proceedings to assert his claim for additional exemptions by answer within thirty days after the service of the garnishment summons upon him. This statute, enacted long after §§ 7733 and 7738, prescribes a wholly different manner of asserting the claim and permits that it be done within a much longer time after service of summons. The claim by answer is made by serving the answer upon the plaintiff. The claim by schedule is made by delivery of a verified schedule to the officer who has levied upon the property. The answer may be served within thirty days. The schedule must be delivered within ten days. It seems to us that it is the plain intent of the several statutes to prescribe two wholly different methods of asserting the right to exemptions and that the one has no relation to the other.

The statute prescribing the procedure in garnishment in justice court is of some assistance in determining this question. The justice court garnishment statute was enacted in 1897—chapter 82, Sess. Laws, 1897—two years after the enactment of the original garnishment act. The justice court statute (Comp. Laws, 1913, § 9063) provides: "When any creditor shall be entitled to proceed by garnishment, as prescribed by §§ 7567 and 7587 inclusive, such proceedings may be had in any justice's court properly having jurisdiction of the subject matter and the mode of procedure therein, and the law applicable thereto, *when not otherwise prescribed or provided,* shall conform as nearly as practicable to the provisions of said sections, the justice, unless otherwise prohibited by law, having the powers in said section conferred upon the "judge" and "clerk of the court," and the powers and duties of sheriffs being extended to constables; . . ." Section 9068, Comp. Laws, 1913, further provides: ". . . If a defendant desire to defend the garnishment proceedings upon the ground that the indebtedness or property involved is exempt from execution, or any other ground contemplated in § 7580, such defense may be interposed at the time fixed for the garnishee's appearance; provided, that if said defense is on the ground that such property or indebtedness is exempt from execution,

said defendant shall at or before the time fixed for appearance or answer in the garnishee summons, file or cause to be filed in the justice court in which said action is pending a schedule of his personal property made and sworn to as provided in § 7733. . . ." Thus the legislature evidently recognized that under the garnishment procedure as prescribed for the district court it is not necessary to make or file a claim and schedule as required by § 7733 in order to defend on the ground that the property garnished is exempt pursuant to § 7580.

So it seems clear to us that in the instant case it was not necessary for the defendant in order to claim the property exempt as an additional exemption to disclose either by schedule or otherwise what property he owned other than that claimed as exempt. The answer was in other respects sufficient. The claim of exemption was made and the value of the property claimed as exempt was such that it was a proper claim. It necessarily follows that the fact that the schedule as contained in the answer was false in that it did not disclose all of the property of the defendant as of the date of the service of the garnishment summons, did not invalidate the claim of exemption as made by the answer. Whether the mere fact that the schedule was false would in any event have invalidated the claim it is not necessary for us now to decide. But see Wagner v. Olson, 3 N. D. 69, 54 N. W. 286; Pfeifer v. Hatton, 18 N. D. 144, 118 N. W. 19; Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840; Drake Marble & Tile Co. v. Bjoraas, 38 S. D. 88, 160 N. W. 725.

Our attention has been called to the cases of Mahon v. Fansett, 17 N. D. 104, 115 N. W. 79; Pfeifer v. Hatton, 18 N. D. 144, 118 N. W. 19, and Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243. We think, however, there is nothing in any of these cases which points to a different conclusion from that at which we have arrived in the instant case. The case of Mahon v. Fansett holds that where a defendant in a garnishment action defends on the ground that the property is exempt, he must make such claim as of date of the service of the garnishment summons. The amended answer in the instant case meets this requirement. The case of Pfeifer v. Hatton holds that where a defendant makes a claim of exemption under § 7733 against a levy on execution and fails to schedule all of his personal property of every kind and character including money on hand and debts due and owing to the debtor, the claim is not good. The instant case is a case of garnish-

ment and as we have said it is not necessary that a claim of exemption be made under § 7733 in order to enable a defendant to defend on the ground that the property garnished is exempt. The case of Burcell v. Goldstein arose under § 9068 of the justice code heretofore referred to and is controlled by the provisions of that section which are quite different from § 7580 under which the defendant in the instant case made his claim of exemption by answer.

The judgment of the District Court must be reversed.

BIRDZELL, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.