SHRIVER-JOHNSON CO., Respondent, v. HARGRAVES, et al (BETHANY HOSPITAL ASS'N, Garnishee), Appellants.

(220 N. W. 148.)

(File No. 5897. Opinion filed June 30, 1928.)

*Parliman & Parliman,* of Sioux Falls, for Appellants.
*Owen & Hareid,* of Sioux Falls, for Respondent.

MORIARTY, C. This is an appeal from an order denying a claim for exemption of property held under garnishment. The only question involved is the sufficiency of the claim.

The claim was made by the defendant's wife, and no question as to her right to make the claim, or as to the time it was made, is raised on this appeal.

The claim was presented in the form of an affidavit, in which the claimant states that, "at the time the said garnishee summons and affidavit in garnishment were served upon said R. A. Hargraves, he then and now has the following property." This statement is followed by a list of personal property, including that held under the garnishment, and a statement that the affiant claims all of said property as exempt. Nowhere in the affidavit is there any allegation that the list is a schedule of all property owned by the defendant.

Section 2662 of the Revised Code of 1919 provides:

"Whenever any debtor against whom an execution, warrant of attachment or other process has been issued, desires to avail himself of * * * additional or alternative exemptions, said debtor, his agent or attorney, shall make a schedule of all his personal property of every kind and character, including money on hand

and debts due and owing to the debtor * * * which schedule shall be subscribed and sworn to by the debtor, his agent or attorney, and any property owned by the debtor and not included in said schedule shall not be exempt as aforesaid."

Appellant's counsel contend that the claim is sufficient without any statement that the schedule is a list of all the defendant's property, and in support of that contention they cite the opinion of this court in Drake Marble & Tile Co. v. Bjoraas, 38 S. D. 88, 160 N. W. 725, and that of the North Dakota Supreme Court in Wagner v. Olson, 3 N. D. 69, 54 N. W. 286.

Neither of these opinions supports appellant's contention. In Drake Marble & Tile Co. v. Bjoraas, supra, the question passed upon was not the failure to state that the schedule was a list of all the defendant's property, but a failure to actually include in the schedule all of his property, and this court correctly held that the penalty for such failure was that stated in the statute, viz., that any property omitted should not be exempt.

In Wagner v. Olson, supra, the question was the same. An examination of the opinion in that case will show that the verification explicitly stated "that the foregoing list of personal property is a complete schedule of all his personal property of every kind and character, including money on hand and debts due and owing" to the defendant.

But, in the later case of Pfeifer v. Hatton, 18 N. D. 144, 118 N. W. 19, the North Dakota court passed upon the precise question presented in the instant case, and therein held that—

"While exemption laws should be liberally construed so as to effectuate the objects sought to be accomplished thereby, still he who seeks to take advantage of such statutes must substantially comply with the requirements thereof, and this the appellant signally failed to do."

The statute referred to in this North Dakota case is identical with our section 2662, R. C. The requirement of this statute is plain and explicit, and the statement that the schedule is a complete list of the debtor's personal property is a matter not merely technical, but going to the substantial rights of the parties. The statute gives the judgment creditor a right to have a sworn statement from the debtor or his representative, as to all of the debtor's property, so as to enable him to collect from other property, if any there be, aside from that claimed exempt.

█ The claim of exemptions did not substantially comply with the requirement of the statute, and the order appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.