RAMES, Appellant, v. NORBRATEN, Respondent.

(272 N. W. 826)

(File No. 8027.   Opinion filed April 28, 1937)

*T. R. Johnson* and *Charles Lacey,* both of Sioux Falls, for Appellant.

*Henry C. Mundt*, of Sioux Falls, for Respondent.

WARREN, J. In an action by plaintiff against the defendant, a verdict was directed for the plaintiff and against the defendant and a judgment entered thereon. On July 6, 1936, an execution was issued thereon and delivered to the sheriff of Minnehaha county, and on July 9, 1936, such officer levied upon certain personal property of the defendant, including some money in a local bank, and on the same date gave written notice thereof and a list of the property levied upon to the debtor. On July 11, 1936, the defendant attempted to serve one of the attorneys for plaintiff with a copy of an alleged claim of exemption. Admission of service was refused, and thereafter, on July 16, 1936, the defendant served a copy of the alleged claim of exemptions on the levying officer. He also refused admission of service, and counsel for defendant thereupon made and filed an affidavit of service. On July 20, 1936, the defendant filed a supplemental affidavit claiming exemptions. The plaintiff appeared specially on such date and objected to the jurisdiction of the court upon the grounds that the claim for exemptions was inadequate and had been improperly served. A hearing was held on July 23, 1936, and the trial court overruled plaintiff's objection and assumed jurisdiction. Thereafter, on September 19, 1936, the claim of exemptions came on for hearing before the court and the plaintiff appeared by counsel and contested the granting of said claim. The trial court, under date of September 19, 1936, entered an order granting defendant's claim of exemptions. Plaintiff has appealed from such order.

■ The right of having property set aside as exempt is founded upon our exemption statutes, and it seems clear that there must be some affirmative act by the individual claiming the exemptions which must be exercised at a certain time and in a certain way. While exemption laws should be liberally construed in favor of the debtor, yet it cannot be indulged in to the extent of doing violence to the express terms of the statutes. A failure to comply with the statutes in the claiming of the exemptions leaves the debtor without the proper foundation to apply to the courts for relief. There may be cases in which the five-day period after notice of levy upon the property, in which to claim exemptions, should not be in force, as where there is a failure by the husband to claim the exemptions in the first instance, and the parties mentioned in sec-

tion 2667, Rev. Code 1919, wish to avail themselves of the right as provided by the latter portion of said section, which reads as follows: "* * * and the debtor, or such other person for him, must claim or demand the benefit of these exemptions within five days after such notice from the officer. Provided, that if none of the persons mentioned in this section can be found within the county the officer may proceed without such notice; provided, further, that no demand of property absolutely exempt shall be necessary, but the same shall be set apart by the officer."

The facts in this case are peculiarly different than in cases where the husband or other persons have failed to claim the exemptions within the statutory time, in that the respondent, in her application and schedule of claimed exempt property, alleges that she is at the head of the family. Evidently there is no contention that she desires a reasonable time in which to claim the exemptions after the husband had failed to claim them. She relies solely upon her right in the first instance to claim the exemptions, and must therefore claim within the five-day period provided in our said statute, and the time therefore cannot be extended beyond the five days. By the written statement in the alleged claim of exemptions, in which she states that she is at the head of the family, and as such claims the exemptions, she has placed herself directly within the law to claim the exemptions within the five days provided by the statute.

Upon an examination of authorities pertaining to what one must do in order to be entitled to exemptions, we find that this court has uniformly held that in all cases of attachment or levy on personal property, the debtor, or some person acting for him, must demand his exemptions within five days after receiving notice of such levy, and in case he fails to make such demand within the time limited for that purpose, he has lost his right. Goodlad v. Smejkal, 46 S. D. 112, 190 N. W. 1017; Shriver-Johnson Co. v. Hargraves et al., 53 S. D. 86, 220 N. W. 148; Furrow v. Zollars, 8 S. D. 522, 67 N. W. 612, 613; Alden v. Yeoman, 29 Ill. App. 53; Wagner et al. v. Barden et al., 13 Ind. App. 571, 41 N. E. 1067; 25 C. J. § 235, p. 133.

In an early case, Longley v. Daly, 1 S. D. 257, 46 N. W. 247, this court treated the different classes of exemptions, and con-

cluded with reference to additional exemptions, by stating that they were a personal privilege and must be claimed by the party entitled to them or they will be deemed to be waived. In Furrow v. Zollers, supra, we said, "The rule is, that 'the claim must be made in the manner and within the time required by the law of the state as expressed in its statutes, or in the decisions of its Courts.'"

The fact that the debtor told the officer who made the levy that the property was exempt, and that on July 11, 1936, the respondent attempted to serve one of the attorneys for appellant with a copy of an alleged claim of exemptions, we believe is immaterial, in view of the language of section 2667, Rev. Code 1919, which has been interpreted by this court in decisions which we have cited earlier in this opinion.

The respondent having failed to claim her exemptions within the five-day statutory period, the right to obtain possession of said property no longer exists. The order appealed from is reversed.

All the Judges concur.